LaVOICE E. KENDALL v. GEORGE D. KENDALL.

181 N. W. (2d) 894.

December 11, 1970—Nos. 42276, 42315.

*Katz, Taube, Lange & Frommelt* and *A. Larry Katz,* for defendant.
*Dingle, Kieger & Patterson* and *Robert Patterson,* for plaintiff.

Heard before Knutson, C. J., and Murphy, Rogosheske, Peterson, and Rosengren, JJ.

PER CURIAM.

These cross-appeals from a judgment in a divorce action raise issues that warrant little discussion.

Defendant husband contends, first, that the evidence was insufficient to justify the granting of a divorce to plaintiff wife on grounds of cruel and inhuman treatment and, further, that the court's finding of that fact lacked requisite detail. Careful study of the record discloses substantial evidence to support a finding of serious and unjustified misconduct by defendant so plainly subversive of the marital relationship and so hopelessly inimical to the personal welfare of plaintiff as to render continuance of the relationship intolerable. And, notwithstanding some limitation in the corroboration of other witnesses for plaintiff, it is perfectly plain on this record that the action was wholly free from any collusion between the parties. See, Williams v. Williams, 101 Minn. 400, 112 N. W. 528, and Wilson v. Wilson, 229 Minn. 126, 38 N. W. (2d) 154. Although the finding of the trial court on this issue may be faulted for imperfect compliance with Rule 52.01, Rules of Civil Procedure, we conclude that no sound purpose would be served by a remand for a more detailed finding. See, Posselt v. Posselt, 271 Minn. 575, 136 N. W. (2d) 659.

Defendant contends, second, that the court abused its discretion in the disposition of the property of the parties acquired during coverture. The court found that at the time of the marriage plaintiff owned property valued at $51,000, and defendant owned property valued at between

$15,000 and $18,000. The value of the property owned by the parties at the time of the divorce was $120,000, to which both had made contributions of labor and business acumen. The major asset of the parties, which is the primary focus of this litigation, is a four-plex rental property located in Rochester, Minnesota. Plaintiff contributed $37,500 and defendant contributed $3,000 to the acquisition of the four-plex. The value of the properties awarded to plaintiff, which included the four-plex, was $80,000; the property awarded to defendant had a value of $40,000, including a duplex previously owned by defendant but the encumbrance of which had been substantially reduced by rental receipts from the four-plex. It is clear that the court undertook simply to restore the parties to their relative financial positions at the time of their marriage in 1961. Plaintiff was not awarded any property of defendant, nor was she granted alimony or an allowance for her expenses in the divorce action. We hold that the award of property was well within the discretion of the trial court.

Plaintiff, for her part, contends that the court abused its discretion in not awarding her attorney's fees, offering evidence that the reasonable value of those services in these protracted proceedings was $2,000. There is no showing that plaintiff is financially unable to pay these necessarily incurred expenses in her divorce action. We have frequently held that the allowance of attorney's fees is largely a matter of discretion and is to be made cautiously and only when necessary. See, Spratt v. Spratt, 151 Minn. 458, 466, 185 N. W. 509, 187 N. W. 227, 230; Eck v. Eck, 252 Minn. 290, 299, 90 N. W. (2d) 211, 217; Burke v. Burke, 208 Minn. 1, 3, 292 N. W. 426, 427. We hold that denial of an allowance for these expenses was not an abuse of discretion.

Affirmed.