William A. HENSEL, Appellant,

v.

Janice Kay HENSEL, Respondent.

No. 47977.

Supreme Court of Minnesota.

May 26, 1978.

Douglas, Jaycox, Trawick & McManus, Minneapolis, for appellant.

Gerald C. Magee, Minneapolis, for respondent.

*iations on a Familiar Theme,* 9 Utah L.Rev. 50, 76.

TODD, Justice.

William A. Hensel appeals from the judgment and decree of dissolution of marriage entered in the Hennepin County District Court. We affirm.

The focal issue raised on appeal is whether the respondent Janice Hensel's vested interest in a profit-sharing plan is property acquired during coverture subject to the disposition provision of Minn.St. 518.58.' Appellant contends that the trial court abused its discretion in failing to include that asset in the general marriage assets and in accordingly failing to direct a proper and equitable distribution of the property.

The record indicates that the parties had, during a substantial portion of the marriage, implemented a financial agreement to proportionately share the expenses of operating the household and acquiring assets, as well as incidental or miscellaneous costs; essentially, the parties placed 65 percent of their respective incomes in a joint fund and retained the remaining 35 percent as personal discretionary funds.

In directing the property distribution, the trial court examined the parties' relative financial positions, noting that generally throughout the marriage the respondent's full-time and continual employment had generated substantially more income than the part-time and sporadic employment appellant had while obtaining his engineering degree. The resulting property distribution, which essentially traced the acquired assets according to the relative contributions of the parties, reflected not only the financial arrangement of the marriage, but also the trial court's recognition of the proportionate contributions of each to the acquisition.

As exhibited by the findings of fact and conclusions of law, the trial court properly included respondent's interest in the profit-sharing plan in the marital assets and concluded that its value was solely attributable to her efforts and that the asset was directly traceable to her. This determination is consistent with the remainder of the property distribution which attempted to apportion the assets according to the intent of the financial agreement and the relative contributions. It is also well within the bounds of the trial court's discretion in light of the factual background of this action, which includes evidence that apparently respondent contributed greatly to the appellant's support while the latter pursued his education; there is no evidence that appellant chose to forego full-time employment in favor of maintaining the household or other contributing to his wife's financial success.

Neither party is allowed attorneys fees nor costs on this appeal.

Affirmed.