**In re the Marriage of Linda F. MONTGOMERY, Petitioner, Respondent,**

v.

**Paul D. MONTGOMERY, Appellant.**

No. C7–84–585.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Paulette Kane Flynn, Stringer, Courtney & Rohleder, Ltd., St. Paul, for respondent.

Arthur J. Stock, Stock & Logan, P.A., Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The husband appeals from a dissolution judgment and decree, contending that the trial court erred in its division of real and personal property and its denial of maintenance and attorney fees. Respondent appeals from the trial court's award to appellant of one-half of the value of her pension increase during her marriage. We affirm.

## FACTS

Linda Montgomery and Paul Montgomery were married on November 18, 1977; no children were born of their marriage, although both have children from their previous marriages. After the marriage, the parties moved into a home which Linda Montgomery had purchased prior to the marriage. Late in 1979, she transferred title to the home into joint tenancy with appellant; neither party considered this transfer a gift to him. The parties took out a $4,000 home improvement loan and the appellant contributed labor towards remodeling the home.

During the marriage, both parties were employed. Respondent has a master's degree in library science, and, at the time of trial, was employed as a librarian earning an annual gross income of approximately $37,000. The parties stipulated that her vested, unmatured pension increased $18,581 during the marriage.

Appellant has a high school education. At the time of the trial, he was employed at a job in which he earned $26,400. In 1979, he received an offer to work in Connecticut at an annual salary of $30,000. After discussing the matter with respondent, who did not have a job offer in Connecticut and who did not wish to relocate, he declined the offer and remained in Minnesota.

These proceedings were commenced in July 1981, and the matter was tried in January 1983. In July 1983, the trial court determined the equity in the home was worth nearly $64,000, and awarded it to respondent subject to a lien of $5,000.00 payable to the appellant. The lien was to compensate appellant for the increase in the value of the property which the court found was attributable to appellant's labor on the home. Respondent was awarded her non-marital investments with a value of more than $20,000, and the trial court made other valuations and awards of automobiles and other personal property of the parties. Neither party was awarded maintenance or attorney fees.

In September 1983, the trial court heard appellant's request for amended findings and conclusions. Six months later, the court amended its prior order to create a lien of $14,920.50 for appellant on the home awarded to respondent. The remaining $9,290.50 of the lien was attributable to appellant's award of a one-half share of respondent's vested, unmatured pension.

## ISSUES

1. Did respondent's transfer of title in the parties' home from herself individually to joint tenancy with respondent transmute her non-marital interest in the home into a marital interest?

2. If not, did the trial court properly determine the marital and non-marital portions of the home and make awards accordingly?

3. Is appellant entitled to maintenance or equitable compensation because he declined a more lucrative out-of-state employment offer when his wife did not have a position in Connecticut and did not wish to relocate there?

4. Did the trial court properly determine the marital and non-marital character and market value of various items of personal property and properly award the same?

5. Did the trial court properly award appellant one-half of the amount of respondent's pension increase during the parties' marriage?

6. Did the trial court properly decline to award appellant his attorney fees?

## ANALYSIS

■ 1. Marital property is property acquired during the existence of a marriage; such property is presumed to be marital property regardless of whether title is held individually or in some form of co-ownership. Minn.Stat. § 518.54, subd. 5 (1982). The presumption can be overcome by a showing that the property is non-marital. *Id.* Minn.Stat. § 518.54, subd. 5 (1982) provides in relevant part:

"Non-marital property" means property real or personal, acquired by either spouse before, during, or after the existence of their marriage, which

\* \* \* \* \* \*

(b) is acquired before the marriage. Respondent acquired the home, subject to a mortgage, prior to her marriage, and thus has a non-marital interest in the property.

Appellant contends that respondent's non-marital interest in the home was transmuted into a marital interest, and that he is entitled to an award of at least one-half of the equity in the home. He relies mainly on the evidence of respondent's transfer of title from individual ownership to joint tenancy. This occurred after two years of marriage and less than two years before dissolution proceedings commenced.

■ However, just as the statute provides that the state of the title will not determine whether property acquired during the marriage is marital or non-marital property, merely transferring title from individual ownership to joint tenancy does not transform non-marital property into marital property. We are not called upon here to determine whether additional factors of long-term marriage or transfers by gift might compel a different result. We hold, simply, that the form of ownership is not dispositive of the property's marital or non-marital nature.

■ The legislature has provided definitions of marital and non-marital property, and has used those definitions as a basis for dividing property in a dissolution. Minn.Stat. § 518.54, subd. 5; Minn.Stat. § 518.58. Allowing the changes in title to transform the classification of property would defeat the legislature's scheme for division. The transfer of title of respondent's home, which was purchased prior to marriage and was not marital property, does not transmute the property from non-marital to marital property.

■ 2. Appellant argues, in the alternative, that the trial court erred in its disposition of the homestead because it did not use the formula in *Schmitz v. Schmitz,* 309 N.W.2d 748 (Minn.1981) for determining and dividing the marital and non-marital interests in the home. While the trial court may have used an incorrect method to determine division of those interests, it nonetheless arrived at a figure which is close to the figure it would have arrived at had it used the *Schmitz* formula.

Given this minimal discrepancy in an area of law committed in large part to the discretion of the trial court we are not persuaded that any reversible error occurred.

*Id.* at 750. Consequently, we affirm the trial court's determination and division of the marital and non-marital interests in the homestead.

3. Appellant also argues that he should receive maintenance or other compensation for relinquishing a more lucrative employment opportunity in Connecticut because respondent did not have a position in Connecticut and did not wish to relocate. He claims that he is entitled to $21,120 as compensation for his lost opportunity, calculated by the loss of income for four years which he suffered by not accepting the

offer. In Minnesota, parties are entitled to an award of maintenance when the spouse seeking maintenance:

a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

b) Is unable to support himself after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.552, subd. 1 (1982). *See Otis v. Otis,* 299 N.W.2d 114, 117 (Minn. 1980).

■ Appellant is admittedly self-supporting, and does not claim that he intends to pursue further education or training. Consequently, he is not entitled to an award of maintenance under Minn.Stat. § 518.552. *DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 755, 758 (Minn.1981).

■ Appellant also claims that he is entitled to equitable compensation under *DeLa Rosa.* However, this case is distinguishable from *DeLa Rosa* on a number of points. First, the measure of damages in *DeLa Rosa* was based on the actual contributions which the working spouse made towards living expenses and education costs. Here, appellant is asking for speculative damages based upon projected loss of income. Secondly, there is no showing that the family income would have increased had appellant and respondent moved to Connecticut. Although appellant's salary would have increased, respondent did not have a job offer in Connecticut, and there is no assurance that she would have obtained a job. It is possible that the family income would have decreased, rather than increased, had the contemplated move been made. Finally, the standard of review is whether the trial court abused its discretion and we conclude there was no such abuse. *DeLa Rosa.*

■ 4. Appellant disputes the trial court's valuation and awards of various items of personal property. In valuing assets, "it is only necessary that the value arrived at lies within a reasonable range of figures." *Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979). The trial court's decision will be affirmed "if it has an acceptable basis in fact and principle even though this court may have taken a different approach." *Castonguay v. Castonguay,* 306 N.W.2d 143, 147 (Minn.1981). Finally, the trial court has broad discretion in dividing property in a dissolution, and will not be overturned except upon a clear abuse of discretion. *Bogen v. Bogen,* 261 N.W.2d 606, 609 (Minn.1977). We do not find that the trial court abused its discretion, either in valuations or awards of personal property disputed by appellant.

■ 5. The parties stipulated that respondent's unmatured, vested pension had a value of $5,317.08 at the date of the marriage, and $23,898 at the time of trial. The trial court, in an amended order, awarded appellant one-half of the value of the increase in respondent's pension during the marriage. Respondent disputes this award.

A pension is properly classified as marital property under Minn.Stat. § 518.54, subd. 5 (1982):

"Marital property" means property, real or personal, including vested pension benefits or rights, acquired by the parties, or either of them, to a dissolution * * * at any time during the existence of a marriage relation between them * * *.

Pension benefits are property which should be considered by the trial court in exercising its discretion in a property division. *Elliott v. Elliott,* 274 N.W.2d 75 (Minn. 1978).

■ Equal divisions of separately owned marital assets have been approved in dissolutions of lengthy marriages. *Miller v. Miller,* 352 N.W.2d 738 (Minn.1984). After a long marriage with mutual contributions to the marital estate, an unequal division of assets may be an abuse of dis-

cretion. *See Kaste v. Kaste*, 356 N.W.2d 64 (Minn.Ct.App.1984).

■ The law supporting equal division of assets pertains to the division of pension investments. In a trial court's scheme of equal division of assets after 34 years of a marriage, the court must equally divide a vested pension benefit. *Taylor v. Taylor*, 329 N.W.2d 795 (Minn.1983).

■ Here, however, the parties had a short-term marriage where both parties worked, both parties enjoyed substantial salaries and were financially independent, and no children were born of the marriage. It is presumed that appellant substantially contributed to the acquisition of the marital estate (Minn.Stat. § 518.58 (1982)), but it is proper to recognize the unique contribution of one whose earnings produce a pension investment. *Hensel v. Hensel*, 266 N.W.2d 712 (Minn.1978). The contribution of a party in the acquisition of assets is a factor in determining the division of marital property. Minn.Stat. § 518.58.

Thus, respondent contends that an equal distribution of an asset may be a clear abuse of discretion, and the argument merits serious attention.

■ Upon dissolution of this short marriage, where each party is profitably employed, it was within the trial court's discretion to award to respondent the enhanced value of her pension. This would be supported by decisions that recognized the equity in restoring parties to their separate status before a short marriage. *Kendall v. Kendall*, 289 Minn. 494, 181 N.W.2d 894 (1970); *Lenzmeier v. Lenzmeier*, 304 Minn. 568, 231 N.W.2d 71 (1975).

■ However, our deference to the discretion of the trial court requires that we affirm the division giving appellant a benefit equal to one-half of the increased pension investment.

We have frequently recognized that the trial court has broad discretion in dividing property upon dissolution of a marriage; *and even though this court might have taken a somewhat different approach*, we will not overturn the trial court's decision absent a showing of clear abuse of that discretion.

*Miller v. Miller*, 352 N.W.2d at 741–42 (emphasis added). Because the trial court properly protected the interest of respondent in non-marital property, she enjoys an award of the major part of the property owned by the parties when they separated. It was not a clear abuse of discretion to equally divide the benefit of a relatively modest marital estate.

■ 6. Finally, appellant disputes the trial court's failure to award him attorney fees. Minn.Stat. § 518.14 (1982) provides that a court may require one party to pay attorney fees, after considering the financial resources of both parties. Allowance of attorney fees is almost entirely within the discretion of the court. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App. 1984). The standard of review requires a clear abuse of discretion for reversal. *Id.* We note that both parties here earn substantial incomes. We are not persuaded that the trial court abused its discretion in declining to award attorney fees to either party.

### DECISION

The trial court did not err in its division of property of the parties.

Affirmed.

FOLEY, Judge (dissenting).

In view of the short term marriage, I consider the award to the husband of a share of the wife's pension rights an abuse of discretion and would reverse that portion of the judgment.