**In re the Marriage of Marie A. CHARLSON, petitioner, Respondent,**

v.

**Warren M. CHARLSON, Appellant.**

**No. C2–85–679.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Craig S. Nelson, Albert Lea, for respondent.

James E. Broberg, Albert Lea, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

Warren M. Charlson (appellant) appeals from the trial court's order denying his motion for a new trial in this marital dissolution case. Appellant claims that the trial court erred in awarding Marie Charlson (respondent) a lien on the parties' residence where that residence is predominantly his nonmarital property. We affirm.

## FACTS

Warren M. Charlson and Marie A. Charlson were married on August 10, 1973. The parties have one minor child, Phillip Warren Charlson, who was born on May 13, 1974. The trial court awarded custody of Phillip to Marie with reasonable visitation by Warren.

At the time of the divorce, both parties were employed. Warren was employed at Universal Cooperatives, Inc. in Albert Lea, Minnesota. His gross earnings or wages were approximately $319.58 per week and his take-home pay was approximately $246.06 per week. Marie was self-employed, running an upholstery business from the garage of the parties' home in Twin Lakes, Minnesota. Her gross earnings were approximately $15,000 per year.

When the parties were married, they moved into the home in Twin Lakes, Minnesota which Warren had owned since 1967. The trial court found that, at the time of the marriage, this home had a value of approximately $15,000.

The trial court found that Marie brought to the marriage as her nonmarital asset a residence in Bear Lake, Minnesota. This residence was sold for $10,000; of the net sales proceeds, approximately $4,000 was used by the parties in remodeling the Twin Lakes residence brought to the marriage by Warren Charlson. The court found that the parties also used $3,000 cash, which was brought to the marriage by Warren as his nonmarital asset, in remodeling the Twin Lakes residence.

According to the trial court's findings, the Twin Lakes residence had a value of

approximately $35,000 at the time of dissolution.

The trial court awarded the Twin Lakes residence to Warren as his nonmarital property, subject to a $15,000 lien payable to Marie. The lien is to be paid in full when the residence is sold or on November 1, 1989, whichever shall first occur, and is to bear interest at the rate of 8% per year. This lien represents (a) a $2,940 differential in the award of household goods and other personal property; (b) the return to Marie of $6,000 in cash as nonmarital property; and (c) the return to Marie of her nonmarital contribution to the value of the residence: $4,000 proceeds from the sale of her Bear Lake residence, plus $2,364 representing her proportionate share of the gain in value at a gain factor of 59.09%.

The court granted Marie the right to occupy the residence rent-free until October 31, 1987. During this period, Marie must pay all real estate taxes, insurance, and the expenses of normal care and maintenance, and take ordinary care of the residence and surrounding yard. Warren is required to pay the expenses of any necessary major repairs and improvements. While the trial court's conclusions of law do not specifically state that Warren is entitled to possession of the house at the end of Marie's period of occupancy, that is the obvious inference. The court did not, however, provide that Warren will be entitled to possession if he pays off the lien before it is due.

The trial court also ruled that if Marie elects to move from the residence prior to October 31, 1987, she must notify Warren at least thirty days prior to the date of her removal. Again, while the trial court did not expressly state it, the obvious inference is that Warren will be entitled to immediate possession of the property if Marie moves out.

By order dated February 19, 1985, the trial court amended its findings of fact to provide that the Twin Lakes residence constitutes 18.18% Marie's nonmarital asset and 71.82% Warren's nonmarital asset. This finding was based on the court's previous findings that Warren brought the Twin Lakes residence to the marriage as his nonmarital asset, that Marie contributed $4,000 of the net proceeds of her Bear Lake residence to the remodeling of the Twin Lakes residence, and that Warren contributed nonmarital assets of $3,000 cash to the remodeling.

These two percentages total 90%. The trial court did not specifically find that the remaining 10% was marital property. We infer from the trial court's findings, however, that this 10% interest in the residence is a marital asset of both parties.

## ISSUE

Did the trial court abuse its discretion in awarding Marie Charlson a lien on the parties' former residence where that residence was divided into nonmarital property of Warren Charlson, nonmarital property of Marie Charlson, and marital property of both parties?

## ANALYSIS

■ 1. The standard of review for property settlements is very narrow. The trial court has broad discretion and will be reversed only for a clear abuse of discretion. *Dammann v. Dammann,* 351 N.W.2d 651, 652 (Minn.Ct.App.1984) (citing *Bogen v. Bogen,* 261 N.W.2d 606, 609 (Minn.1977)). Courts have no power to distribute property in a dissolution except by statute. *Filkins v. Filkins,* 347 N.W.2d 526, 528 (Minn.Ct.App.1984). Not distributing the property according to the statute is an abuse of discretion. *Dammann,* 351 N.W.2d at 652.

2. The trial court's division of the residence into nonmarital property of Warren Charlson, nonmarital property of Marie Charlson, and marital property of both parties is supported by case law. In *Schmitz v. Schmitz,* 309 N.W.2d 748 (Minn.1981), the supreme court held that, where a spouse sells a residence which she owned before the marriage and reinvests the proceeds in a new residence, she has a nonmarital interest in the new residence equal

to the proportion her interest in the first residence bore to the purchase price of the second residence, multiplied by the value of the second residence at the date of separation.

■ The formula in *Schmitz* need not be strictly applied. *See Schmitz*, 309 N.W.2d at 750. It is sufficient that the trial court arrive at a figure which is close to the figure it would have arrived at had it used the *Schmitz* formula. *Montgomery v. Montgomery*, 358 N.W.2d 169, 172 (Minn. Ct.App.1984).

■ The supreme court has also held that improvements made during a marriage to land purchased before the marriage are to be considered marital property. *Faus v. Faus*, 319 N.W.2d 408, 412 (Minn.1982); *see also Wilson v. Wilson*, 348 N.W.2d 357, 359 (Minn.Ct.App.1984).

3. The issue in this case is whether the trial court abused its discretion in awarding Marie Charlson a lien on the residence.

Nonmarital property is defined as:

* * * property real or personal, acquired by either spouse before, during, or after the existence of their marriage, which

\* \* \* \* \* \*

(b) is acquired before the marriage;

(c) is acquired in exchange for or is the increase in value of [non-marital] property which is described in clauses (a), (b), (d), and (e).

Minn.Stat. § 518.54, subd. 5 (1984).

Nonmarital property may be distributed only upon a showing of undue hardship. Minn.Stat. § 518.58 (1984). The trial court must make findings in support of the apportionment, based on all relevant factors. *Id.*

■ A lien on a homestead is a division of property. *Kerr v. Kerr*, 309 Minn. 124, 243 N.W.2d 313, 314 (1976). Thus, this court has held that, absent a showing of unfair hardship, the award to the husband of a lien on the wife's nonmarital homestead was error. *Berry v. Breslain*, 352

N.W.2d 516 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Nov. 8, 1984). In this case, the trial court made no finding of undue hardship. Appellant therefore argues that the award of a lien on the residence to Marie Charlson is reversible error.

In *Berry*, however, the residence was exclusively nonmarital property of the wife. In this case, the trial court divided the residence into 18.18% Marie Charlson's nonmarital property; 71.82% Warren Charlson's nonmarital property; and, by inference, 10% marital property of the parties.

In *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn.1981), the supreme court affirmed a property settlement in which the trial court divided the parties' former homestead into marital and nonmarital interests, and then awarded it to the husband, subject to a mortgage payable to the wife. In *Schmitz*, the downpayment on the residence was derived from the proceeds of the sale of the husband's previous homestead. *Id.* at 748. The mortgage represented the wife's share of the increase in equity in the homestead, plus her contributions to the purchase by the parties of two unimproved lots. *Id.* at 749.

Similarly, in *Montgomery v. Montgomery*, 358 N.W.2d 169 (Minn.Ct.App.1984), this court affirmed a property division in which the trial court divided the homestead into marital and nonmarital interests, and then awarded it to the wife, subject to a lien payable to the husband. *Id.* at 171. In *Montgomery*, the wife had purchased the home prior to the marriage. *Id.* The lien was to compensate the husband for the increased value of the property due to his labor, and to secure the award to him of a one-half interest in the wife's pension. *Id.*

■ We hold that, in light of all the circumstances of this case, the trial court did not abuse its discretion by awarding Marie a lien on the residence. *Schmitz* and *Montgomery* indicate that awarding a lien on a residence to one spouse is not error solely because the other spouse has a par-

tial nonmarital interest in the property. In this case, as in *Schmitz* and *Montgomery,* the residence was divided into marital and nonmarital interests. In addition, the trial court found that Marie Charlson has a non-marital 18.18% interest in the property. Under these circumstances, the court acted within its discretion in awarding a lien on the residence to Marie Charlson.

The trial court ruled that Marie is entitled to possession of the residence until October 31, 1987, even if Warren pays off the lien before that date. This ruling was within the court's discretion. Marie was awarded custody of the parties' minor child, Phillip Warren Charlson. The court could rationally have found that it was in the best interests of the child to live at the Twin Lakes residence with his mother for this period. Furthermore, Marie operated her upholstery business from the garage of the residence. The garage was specially remodeled to accommodate this business. The court could rationally have concluded that allowing Marie to occupy the house for this period would give her enough time to relocate her business.

We note that Warren Charlson's nonmarital interest in this residence is substantial in comparison with Marie's nonmarital interest and in comparison with the marital interest. We do not hold that awarding a lien to one spouse is proper whenever that spouse has any nonmarital interest whatsoever in the residence, or whenever there is any marital interest, no matter how insubstantial, in the property. We simply hold that under the circumstances of this case, the trial court did not abuse its discretion in awarding a lien on the residence to Marie Charlson.

## DECISION

The trial court acted within its discretion when it awarded a lien on the parties' former residence to respondent, Marie Charlson.

Affirmed.