In re the Marriage of Cynthia L. BALOGH, Petitioner, Appellant,

v.

**James A. BALOGH, Respondent.**

No. C3–85–1162.

Court of Appeals of Minnesota.

Nov. 26, 1985.

Review Denied Jan. 31, 1986.

Jack S. Jaycox, Jack S. Jaycox Law Offices, Ltd., Bloomington, for appellant.

Alan C. Eidsness, Sarah McKenzie, Henson & Efron, P.A., Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Cynthia Balogh appeals from a March 21, 1985, amended judgment and decree dealing with the distribution of marital property. That judgment and decree was amended by the trial court pursuant to directions by this court on remand from the first appeal, *Balogh v. Balogh*, 356 N.W.2d 307 (Minn.Ct.App.1984). Appellant disputes the trial court's reliance on remand, on an expert's valuation of a law partnership interest.

## FACTS

James and Cynthia Balogh were married in 1971 while James was a student at the University of Minnesota Law School. He joined the Messerli and Roe law partnership and in 1976 became a partner. At the time of trial, the partnership consisted of four partners: Messerli, Roe, Balogh and Kramer. Each had an interest of 2500 partnership units, representing a 19.84 percentage interest in the law partnership.

The four principal partners entered into a buy-sell partnership agreement near the time the parties began dissolution proceedings. The agreement contains three methods of valuing a principal partner's interest. Article 24.1 deals with death, normal retirement, or full disability. Article 24.2 provides for a method of valuation where one of the principal partners withdraws

from the law firm, but continues practice elsewhere in Minnesota. Article 24.3 deals with the situation where a partner retires from the practice of law entirely or withdraws from the law firm to practice outside Minnesota.

Both parties called experts to value the partnership interest at trial. The experts agreed that the interest should be valued based upon the partnership agreement. James Balogh's expert, Stephen Dennis, relied solely on the agreement in determining the value. He used all three categories of contingencies listed in Article 24 of the agreement. His ultimate valuation of Balogh's interest in the firm was $3,625.

Cynthia Balogh's expert, Dana House, testified that the final valuation should be checked against the book value of the interest owned by James Balogh's corporation. House used only Article 24.1 in making his estimate. He did not include the other two contingencies because he viewed them as too speculative. Based on the possibility of death, normal retirement, or full disability he arrived at a value of $217,677 for James Balogh's interest. House concluded this figure was reasonable when compared with the book value of the partnership. The trial court found James Balogh's interest in the firm was $128,000, using only the provisions of Article 24.1.

On the first appeal this court reversed the trial court's valuation and directed the court as follows:

[I]t appears that the court should have either adopted the *Janssen* method of distribution or relied upon expert testimony concerning the likelihood of the various contingencies addressed by the partnership agreement.

*Balogh* at 312.[1]

On remand the trial court relied on respondent's expert's trial testimony (disregarding the possible tax consequences) and valued the partnership interest at $7,244, a much lower amount than he had

previously found. No new evidence was considered on remand.

Cynthia Balogh appeals again, claiming that the trial court erred in placing sole reliance on the terms of the partnership agreement. She claims the court should have based its valuation on other evidence introduced at trial. She argues that the agreement places an unreasonably low value on James Balogh's partnership interest. She claims as error the trial court's weighing of James Balogh's possible future actions instead of applying the *Janssen* method. Appellant also claims the buy-sell agreement was not an arms length transaction because it was entered into close to the time of the dissolution.

Respondent argues that the trial court properly followed the admonition of this court in valuing his interest in the firm based on expert testimony. He claims the proper method of valuing the partnership interest was decided on the first appeal and that the holding is the law of the case. Respondent further maintains that appellant failed to raise the *Janssen* theory at the trial court level and is thus precluded from raising that theory on appeal.

### ISSUE

Did the trial court properly follow the direction of this court on remand?

### ANALYSIS

■ A trial court has broad discretion in dividing marital property and will be overturned only for a clear abuse of discretion or an erroneous application of the law. *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn.1984). Because the case was remanded with specific directions to the trial court, the question is whether the trial court's findings of fact are supported by the evidence. *Schalow v. Mason*, 370 N.W.2d 475, 476 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 13, 1985). The trial court based its finding on expert testimony, a source clearly sanctioned by this

---

1. *Janssen v. Janssen*, 331 N.W.2d 752 (Minn. 1983) held that future benefits of a nonvested unmatured pension could be awarded pursuant to a dissolution decree but could be apportioned only if and when such benefits are paid.

court on the first appeal. *See Balogh* at 312.

■ On a second appeal where the same issue is decided on the first appeal, issues considered and adjudicated on the first appeal will not be reexamined. *Minnesota Power and Light Company v. Minnesota Public Utilities Commission*, 342 N.W.2d 324, 327–28 (Minn.1983). The issue of the method of valuation was conclusively determined on the first appeal when this court gave the trial court the option to rely on expert testimony or adopt the *Janssen* approach. The trial court properly followed the directives given by this court when it chose to rely on the expert testimony. Both parties' experts testified that the provisions of the partnership agreement should control when determining the value. Further, appellant's own expert testified that the buy-sell agreement was the "primary method" and "best way" to determine the value of the law partnership.

As to the validity of the buy-sell agreement, the trial court specifically found the agreement to be an arms length transaction. Appellant had the opportunity to attack the agreement at trial, but her own expert agreed it should be used to establish the value of the partnership interest.

■ Because the trial court has observed the witnesses firsthand, the findings of the trial court should not be disturbed unless the reviewing court is left with a definite and firm conviction that a mistake has been made. *Hollom v. Carey*, 343 N.W.2d 701, 704 (Minn.Ct.App.1984). When expert testimony is involved, deference should be given to the judgment of the trial court. This court should affirm the valuation if it is within "credible estimates made by competent witnesses." *Petterson v. Petterson*, 366 N.W.2d 685, 687 (Minn.Ct.App.1985).

## DECISION

The earlier ruling as to valuation method became the law of the case, precluding a reexamination of the issue on this appeal. The trial court was clearly given the option to either adopt *Janssen* or rely on expert testimony. That it chose the latter was not an abuse of discretion.

Affirmed.