In re the Marriage of Roger Lee
**HOGSVEN, Petitioner,**
**Appellant,**

v.

**Darlene Marie HOGSVEN, Respondent.**

**No. C4–85–1865.**

Court of Appeals of Minnesota.

May 13, 1986.

James R. Keating, Keating & Peterson, Faribault, for appellant.

Ronald L. Moersch, Hvistendahl & Moersch, Northfield, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

Roger Hogsven appeals from a judgment and an order denying his motion for a new trial or for amended findings in this dissolution case. He claims the trial court abused its discretion in awarding the homestead, in which he held a substantial non-marital interest, to Darlene Hogsven, subject to his lien. He also appeals the issues of attorney's fees and the determination of his income for purposes of setting his child support obligation. We affirm.

## FACTS

Roger and Darlene Hogsven were married in 1979 and have two children. The marriage was dissolved in August 1985. At the time of the dissolution, Roger Hog-sven was a sheet metal worker earning $20,000 yearly, and Darlene Hogsven was a full-time homemaker receiving public assistance.

The trial court awarded custody of the children to Darlene Hogsven, set Roger Hogsven's child support obligation, and awarded Darlene Hogsven $1,000 in attorney's fees. The court found that Darlene Hogsven did not have sufficient property, including marital property awarded to her, to provide for her reasonable needs and could not adequately support herself through appropriate employment. No maintenance was awarded because the trial court also found that Roger Hogsven lacked sufficient property and earnings to pay maintenance.

As part of the property distribution, Darlene Hogsven received the parties' homestead, subject to a $17,417 lien payable to Roger Hogsven. The Hogsvens purchased the homestead with funds received from selling the homes they each owned individually prior to the marriage. The court found that the homestead had not increased in value and the combined non-marital contributions of the parties exceeded the equity. The respective contributions were taken into account in the total property division, and the bulk of Roger Hogsven's lien, $14,744, represents his non-marital interest in the homestead. The balance of the lien equalizes the distribution of marital debts and personal property, including a credit of $1,000 for Roger Hogsven's non-marital interest in a car which he agreed should be awarded to Darlene Hogsven. The trial court awarded each party their remaining non-marital property and specifically found no unfair hardship under Minn.Stat. § 518.58 (1984).

The lien is to be repaid at 8 percent interest and becomes due within six months of (1) Darlene Hogsven's death or remarriage; (2) the eighteenth birthday or emancipation, marriage, service in the Armed Forces, or death of their last minor child residing in the homestead; or (3) Darlene Hogsven's move out of the homestead.

1. Roger Hogsven argues that the trial court abused its discretion in delaying his

receipt of non-marital property without finding that his wife's resources were so inadequate as to cause her unfair hardship.

The Hogsvens acquired the homestead shortly after their marriage, in October 1979. Each of them used non-marital assets to acquire the homestead, and consequently the property has marital and non-marital aspects. *See* Minn.Stat. § 518.54, subd. 5(c); *Schmitz v. Schmitz,* 309 N.W.2d 748, 750 (Minn.1981). Although a finding of unfair hardship is generally required in apportioning one spouse's non-marital property to another, this court has previously held that it is not necessary when one spouse is granted the other's non-marital property temporarily and subject to a lien. *See Charlson v. Charlson,* 374 N.W.2d 473 (Minn.Ct.App.1985); Minn. Stat. § 518.58.

The trial court did not abuse its discretion in distributing the non-marital and marital interests in the homestead. Darlene Hogsven has custody of the two children, is currently receiving public assistance, and was not awarded maintenance. The court could reasonably find that it is in the best interests of the children to live in their present home. Additionally, the disparity in incomes and insufficiency of assets to meet reasonable needs is a proper factor for a trial court to consider when awarding one spouse the homestead subject to a lien payable to the other spouse. *Rohling v. Rohling,* 379 N.W.2d 519, 523 (Minn.1986).

Roger Hogsven also argues that the interest rate and duration of the lien constitute an abuse of discretion. Considering the custody award and the parties' incomes, the contingencies which cause the lien to be satisfied have an "acceptable basis in fact and principle." *Rohling,* 379 N.W.2d at 523. We do not find the amount of interest awarded in the lien to be an abuse of discretion.

2. Roger Hogsven contends the trial court erred in valuing the homestead at $47,000. He testified that the house had a value of $53,000. Darlene Hogsven stated that its value was about the price paid for the house, $46,900. An appraiser valued the house at $47,500, but then said that was a high figure.

A trial court's valuation of marital property will be affirmed if it is within the range of credible estimates made by competent witnesses. *Balogh v. Balogh,* 376 N.W.2d 752 (Minn.Ct.App.1985). The trial court's determination was within the range of the witnesses' estimates and is therefore not clearly erroneous.

3. Roger Hogsven argues that the trial court erred in determining his income for purposes of setting child support. The trial court calculated his net income from his 1984 tax return by subtracting the federal, state, and social security taxes he paid from his gross salary. The property tax and interest payment deductions taken in determining the taxes paid in 1984 are no longer available to him because of the property distribution.

For these reasons, the child support guidelines recommend the use of standard deductions from tax tables. *See* Minn.Stat. § 518.551, subd. 5 (1984). *See also Larson v. Larson,* 370 N.W.2d 40, 42–43 (Minn.Ct. App.1985) (trial court unfairly maximized the father's net income figure by failing to subtract taxes as determined by standard tax tables). In this case, however, the difference between the trial court's calculation and Hogsven's calculation using the tax tables is only $32 per month. We will not find a clear abuse of discretion on this basis.

4. The allowance of attorney's fees in dissolution cases rests almost entirely in the trial court's discretion. *Johnson v. Lundell,* 361 N.W.2d 125, 129 (Minn.Ct. App.1985). In light of the unequal financial resources of the parties, the award of attorney's fees was within the trial court's sound discretion.

## DECISION

Affirmed.