**In re the Marriage of Rebecca A. FOS-TER, f/k/a Rebecca A. Childers, Petitioner, Respondent,**

**v.**

**Terry L. CHILDERS, Appellant.**

**No. C7–87–1251.**

Court of Appeals of Minnesota.

Dec. 15, 1987.

Claude M. Loewenthal, Minneapolis, for respondent.

Robert J. Brenner, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN,* JJ.

## OPINION

HUSPENI, Judge.

Respondent brought an action seeking modification of a dissolution decree or in the alternative, a reopening of the decree in order to recover certain awards which appellant claims were discharged in bankruptcy. By order of the district court, appellant was directed to pay the amount owing to respondent for attorney fees plus one-half of the amount he had vested in a retirement fund. In addition, the district court ordered appellant to continue to hold

respondent harmless for a debt owing to M & I Bank of Middleton. We affirm in part, reverse in part and remand.

## FACTS

The marriage of Terry L. Childers, appellant, and Rebecca A. Foster, formerly known as Rebecca A. Childers, respondent, was dissolved on May 15, 1986. The couple had one child, born on September 29, 1970. Appellant was employed as an assistant professor at the University of Minnesota. He had an adjusted gross income of $58,477 in 1985. Respondent worked at American Family Insurance and had a net monthly income of $1,069.50. According to the findings of fact, it was her plan to go to law school. This would require her to attend the University of Wisconsin full-time. As her employer would not allow her to work on a part-time basis, her return to school meant that she would have to depend on educational assistance loans to meet her monthly living costs.

Respondent received custody of the minor child and appellant was ordered to pay child support in the amount of $722 per month and spousal maintenance in the amount of $400 per month. Appellant was also ordered to pay to respondent $545 for the child's orthodontist expenses, one-half of $6,326 which was the vested portion of appellant's retirement plan, and $1,750 in attorney fees representing one-half of the amount respondent owed for legal services.

In September of 1986, appellant filed a motion in federal bankruptcy court seeking discharge of his debts. He listed respondent as one of his creditors in the amount of $4,762. He did not include in his statement of liabilities his monthly support and maintenance obligations. The bankruptcy court granted appellant's petition for discharge on December 9, 1986.

On October 15, 1986, respondent brought a motion seeking an order from the district court holding appellant in contempt of court for failure to meet his support and maintenance obligations. Respondent made the following allegations in an affida-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

vit dated December 22, 1986: (1) that appellant had failed to make support payments during the period of May 1986 to September 1986; (2) that appellant was in arrears in his child support payments in the amount of $985; (3) that appellant had not paid the $681.61 in child support and orthodontist bills that he was ordered to pay in paragraph 14 of the May 15, 1986, judgment and decree; (4) that appellant had not paid the $1,750 in attorney fees that he had been ordered to pay in paragraph 16 of the decree; and (5) that appellant failed to hold her free and harmless of a debt owing to M & I Bank of Middleton, as he was ordered to do, and that respondent had agreed to pay approximately $1,500 for that debt.

On November 17, 1986, respondent filed a notice of motion and motion seeking a modification of the May 15, 1986, divorce decree pursuant to Minn. Stat. § 518.64 or, in the alternative, an order opening the divorce decree pursuant to Minn.R.Civ.P. 60.02. Respondent alleged that the discharge of appellant in bankruptcy constituted a substantial change in circumstances which warranted a modification of the May 15, 1986, decree. This matter was heard before the family court referee on January 12, 1987.

On January 21, 1987, the family court referee filed his recommended order. In it, he found that appellant was $2,985 in arrears in spousal maintenance and child support. He also found that the obligation of appellant with respect to the orthodontic bill was in the form of child support. Finally, he found that the appellant's failure to pay child support and spousal maintenance was a willful violation of the divorce decree and found appellant to be in contempt of court. In his recommended order, the referee ordered appellant to pay $100 per month to make up for arrearages in support and maintenance, to pay the $545 owing for orthodontic services, and to pay $500 in attorney fees for that appearance. However, the referee otherwise recommended that respondent's motion be denied.

On January 22, 1987, respondent filed a notice of review of the referee's recommended order in the district court. Specifi-cally, respondent objected to the referee's recommendations to allow appellant to pay off the arrearages at a rate of $100 per month and to deny the other portions of her motion. This matter was heard on April 17, 1987. The district court in an order filed May 27, 1987, found that appellant was in arrears in the amount of $2,985, and that he had not paid the amount he owed to respondent for attorney fees and the amount equal to one-half of the vested portion of his pension. In finding number 7, the trial court stated: "That the awards made pursuant to the aforementioned Judgment and Decree are not dischargeable obligations under the Bankruptcy Act, and the provisions of said Decree remain in full force and effect." The trial court ordered appellant to pay to respondent $3,163 for the vested portion of his pension, $1,750 for attorney fees as ordered in the original judgment and decree, and $500 for reimbursement of payments respondent had made to M & I Bank of Middleton. Finally, the trial court ordered appellant to pay $250 in attorney fees. It made no mention in its order of the referee's recommendations regarding arrearages or the $545 owing for the orthodontist.

On review, appellant seeks relief from the trial court's order directing him to hold respondent free and clear of the debt to M & I Bank and directing him to pay respondent the attorney fees and one-half of his pension fund that were awarded in the divorce decree. He argues that these debts were discharged when he was granted his application for bankruptcy. Respondent counters that the order of the trial court was simply a clarification of the prior order and that the court impliedly held that the amounts owing to respondent were in fact for child support and spousal maintenance and were not property divisions. In the alternative, respondent asserts that the trial court's order was proper either as a modification of the divorce decree under section 518.64 or as an opening of the judgment under Rule 60.02.

### ISSUES

1. Were attorney fees awarded pursuant to a divorce decree dischargeable in bankruptcy?

2. Did the trial court err in failing to consider whether husband's discharge in bankruptcy constituted a substantial change in circumstances warranting a modification of the original decree?

## ANALYSIS

### I.

■ We first note that 11 U.S.C.A. § 523 (a)(5) provides that a discharge under the bankruptcy statutes does not discharge an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree * * *, or property settlement agreement, * * *." However, property settlements are dischargeable in bankruptcy and post dissolution orders may not later circumvent the discharge of that settlement. *Coakley v. Coakley*, 400 N.W.2d 436, 440 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. April 23, 1987). Therefore, the key to determining whether bankruptcy has discharged certain debts to a former spouse incurred under the divorce decree is whether the debt was incurred as part of a property division or whether it is for the maintenance and support of the child and former spouse. In order to make this determination, it is proper for a court to look behind the original judgment to ascertain the true nature of the claim or obligation imposed under a divorce decree. *Jones v. Jones*, 300 Minn. 182, 186, 220 N.W.2d 287, 290 (1974).

■ In *Lytle v. Lytle*, 105 Ill.App.3d 1095, 61 Ill.Dec. 825, 435 N.E.2d 522 (1982), the court set forth criteria to be used in determining whether a debt was dischargeable in bankruptcy or was a nondischargeable order for support or maintenance.

The criteria used to determine which category a given debt falls into include, among others, the nature of the obligation assumed, whether there are children to be provided for, the relative earn-ing power of the spouses, and the adequacy of support absent the debt assumption. Courts are more likely to find a debt dischargeable where its assumption is over and above what is necessary for support and maintenance of the wife and children.

*Id.* 61 Ill.Dec. at 829, 435 N.E.2d at 526 (citations omitted). The court also stated:

Whether a debt is nondischargeable as being in the nature of alimony or support is a matter of federal, not state, law. State law may be used to develop federal standards or to ascertain the incidents or nature of the debt to determine whether it fits within the exception * * *.

*Id.* (citations omitted). In applying this analysis to appellant's obligation to pay respondent's attorney fees, we believe that obligation was not dischargeable in bankruptcy.

Minn. Stat. § 518.14 provides that attorney fees may be awarded in a divorce proceeding in "reasonable amount(s) necessary to enable the other spouse to carry on or contest the proceeding." While the issue of whether fees awarded in the original divorce decree can be discharged in bankruptcy has not been directly addressed in Minnesota, this court has previously held that "[a]ttorney fees incurred while attempting to enforce support and maintenance orders are not dischargeable in bankruptcy." *Coakley*, 400 N.W.2d at 442.[1] Other Minnesota cases have also addressed the issue of attorney fees in the context of a divorce decree. In *Filkins v. Filkins*, 347 N.W.2d 526, 529 (Minn.Ct.App.1984), this court held that "[a]ttorney's fees for the dissolution are not part of the marital estate." Therefore, they were not to be considered as apportionable property in a property settlement.

In *Kendall v. Kendall*, 289 Minn. 494, 495, 181 N.W.2d 894, 896 (1970), the court upheld the trial court's refusal to award the wife attorney fees where there was "no

---

1. The court in *Coakley* adopted the test set out in *Matter of Steingesser*, 602 F.2d 36, 38 (2nd Cir.1979) (the test for whether wife's debt to attorney for fees is dischargeable is whether debt had its genesis in husband's failure to provide support and in husband's continuing obligation to support his wife and child).

showing that (the wife) is financially unable to pay these necessarily incurred expenses in her divorce action." Thus, an award of attorney fees is similar to an award of spousal maintenance in that it is used to meet the obligee spouse's necessary expenses. *See also Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970) (where the wife had ample resources at hand, the full burden of attorney fees could not be placed on the husband); *Schultz v. Schultz,* 383 N.W.2d 379 (Minn. Ct.App.1986) (trial court erred in failing to award wife attorney fees where husband's income was substantially higher and he was clearly more able to pay the fees).

Finally, in *Hempel v. Hempel,* 225 Minn. 287, 30 N.W.2d 594 (1948), the court stated:

A man of wealth can hire able counsel and enlist the support of other allies. The allowance to the wife's attorneys should be in such amount as to enable her to hire able counsel, and, so far as possible, make the legal contest one on even terms.

*Id.* at 293–94, 30 N.W.2d at 598.

Attorney fees incurred in a divorce are a necessary expense of each party to the divorce. Where one spouse is unable to meet this expense, it is the duty of the other, where he or she is able, to do so. Thus an award of fees is a debt to a former spouse for maintenance or support of that spouse. This is clear from both case law and from the language of Minn. Stat. § 518.14. Were we to hold otherwise, the ability of one spouse to contest the divorce on equal footing with the other would be seriously impaired in situations such as this where one spouse earns substantially more than the other and the possibility of the obligor spouse declaring bankruptcy looms.

In this case, appellant had a net income of $58,477.00 per year at the time the parties' marriage was dissolved. In contrast, respondent earned under $13,000.00. Unquestionably, appellant is in a far better position to pay respondent's attorney fees than respondent is. Further, while respondent plans to return to school full time, appellant is employed as a university professor. Respondent's earning potential for the next few years is limited, making it doubtful that she can meet the expense of attorney fees. On the other hand, appellant will continue to draw his professor's salary. Under these circumstances, we believe that the award of attorney fees was not dischargeable in the bankruptcy proceeding.

**II.**

■ We next address what effect appellant's discharge in bankruptcy had on his obligation under the decree to pay respondent one-half of the vested portion of his pension benefits and to hold her harmless for the debt to M & I Bank. Respondent argues that the trial court had authority to open the original decree subsequent to the bankruptcy proceeding and change the property division under Minn. R. Civ. P. 60.02. We disagree. Property divisions are final once the ninety days for appeal from the judgment have run. *Stolp v. Stolp,* 383 N.W.2d 409, 411 (Minn.Ct.App. 1986). Nothing has been alleged which would bring this case under any exceptions to the rule. Therefore, the trial court had no authority under Rule 60.02 to order appellant to comply with provisions of the original decree.

We also dismiss respondent's assertion that the court's action was merely a clarification of the original decree. It is true that the prohibition against opening property settlements is not violated where a seeming modification only clarifies or interprets a property division. *Stieler v. Stieler,* 244 Minn. 312, 70 N.W.2d 127 (1955). However, nothing in the record would support a claim that the trial court was merely clarifying the original decree. In fact, it is clear that at least the division of appellant's pension fund was a property division, whether or not the court originally declared it to be so. *See Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983) (vested pension benefits or rights are a marital asset). Therefore, the court could not circumvent its discharge in bankruptcy by calling that division an award of maintenance.

■ Respondent next argues that the trial court's action should be viewed as a

modification of the divorce decree under Minn. Stat. § 518.64. While there is no indication in the record that the trial court considered the factors listed in the statute, we believe that such an analysis should have been undertaken.

In *Coakley,* this court affirmed a modification of decree provisions made subsequent to the husband's discharge in bankruptcy. In that case, the court found that the husband's bankruptcy negatively affected the wife's financial circumstances by more than $43,000 (including the loss of a $15,893.00 property settlement and an increase in debt of $7,635).

In this case, while the adverse economic effects were not as substantial as in *Coakley,* we believe that the change experienced may warrant a modification of the original decree. As a result of appellant's discharge in bankruptcy, respondent lost her right to collect one-half of appellant's vested pension benefits ($3,163). In addition, she became liable for the debt to M & I Bank ($1,500)—a debt for which appellant was to hold her harmless. Given respondent's moderate income and her stated plans to return to school, the effect of such a change could be substantial. We remand to the trial court for consideration of this issue.

### DECISION

The award of attorney fees made pursuant to a divorce decree is a nondischargeable debt in the nature of maintenance and support of the former spouse. The trial court erred in failing to consider whether appellant's discharge in bankruptcy constituted a change in circumstances sufficient to warrant a modification of the original decree.

Affirmed in part, reversed in part and remanded.