## LYELL J. SENGLAUB v. GLADYCE M. SENGLAUB.

224 N. W. 2d 514.

December 13, 1974—No. 44710.

*Shanedling, Phillips, Gross & Aaron* and *Allen H. Aaron,* for appellant.

*Peterson, Peterson & Peterson* and *Warren E. Peterson,* for respondent.

Heard before Peterson, Kelly, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant wife appeals from a judgment granting a divorce and

property division and from an order denying her motion for amended findings and conclusions of law or a new trial. We affirm.

Three issues are raised on this appeal:

(1) Defendant challenges the trial court's division of property belonging to the parties.

(2) Defendant questions the award to plaintiff of a 70-percent interest in a certain contract for deed on which plaintiff had previously given notice to the purchaser that monthly payments should be made to defendant.

(3) Defendant finally contends that it was error for the trial court to order the commencement of trial during her involuntary absence.

1. *Division of property.*

Defendant claims that the division of property was inequitable. The trial court's determination on property and alimony awards is final unless this court determines there has been an abuse of discretion. Kucera v. Kucera, 275 Minn. 252, 146 N. W. 2d 181 (1966); Albertson v. Albertson, 243 Minn. 212, 67 N. W. 2d 463 (1954); Cozik v. Cozik, 279 Minn. 91, 155 N. W. 2d 471 (1968).

This court, when called upon to review the exercise of trial court discretion in a case such as this, will and must affirm the decision made if it has an acceptable basis in fact and principle even though we might have made a different disposition of the problem. Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 148 (1970).

Defendant also challenges the factual basis for the property division with respect to a finding that she had secreted $60,000. We have reviewed the evidence and have concluded that it fairly sustains the findings of the trial court, which therefore must be affirmed on appeal. See, 1B Dunnell, Dig. (3 ed.) § 411. After careful analysis of the facts on this issue, we cannot conclude that the trial court abused its discretion.

2. *The award of a 70-percent interest in the contract for deed.*

The parties sold an apartment building in Minneapolis on a contract for deed in December 1968 for a total purchase price of $135,000 with a downpayment of $35,000. Some joint obligations of the parties amounting to $14,000 were paid from the downpayment, so that the net downpayment was approximately $21,000. The purchaser proceeded to make payments at the rate of $1,000 per month until by the time of trial the balance owing was $75,901.21.

At the time of the sale, the parties signed the following document:

"NOTICE

TO: Scheurer Realty Co. Inc.
4625 Nicollet Ave. So.
Minneapolis, Minnesota

You are hereby notified that all payments to be paid by you under the Contract for Deed relative to the purchase of the property at 1801 LaSalle Avenue, Minneapolis, Minnesota, are to be made to Mrs. Gladyce M. Senglaub whose present address is 1801 LaSalle Avenue, Minneapolis, Minnesota.

/s/ Lyell J. Senglaub
/s/ Gladyce M. Senglaub

Dated this 30 day of Dec. 1968."

The court awarded plaintiff a 70-percent interest in this contract. Defendant contends that the notice quoted above constituted an assignment of plaintiff's interest in the contract to defendant and it was inappropriate for the trial court to award plaintiff any interest in that contract. Under the circumstances in this case, we would conclude that the notice quoted above was nothing more than a direction that payments could be made to defendant as an agent for plaintiff. In any event, this property was acquired during coverture, and under Minn. St. 518.58, the trial court may make such disposition of the property of the parties acquired during coverture as it shall determine just and equitable. The trial court could properly make this award in ordering a division of all the assets of the parties.

3. *The commencement of the trial in the absence of defendant.*

Defendant also contends that the trial court erred in ordering the commencement of trial when she was involuntarily absent and had not authorized her attorney to proceed. Plaintiff argues that no prejudice has been alleged by defendant, and that she waived any defect which may have resulted from her absence by failing to object when she appeared on the second day of trial.

Prior to commencement of trial, the court inquired of defendant's counsel as follows:

"Notwithstanding her absence, are you at this time authorized to proceed?"

Counsel responded:

"I have not talked with her, Your Honor, but I am willing to proceed with the witnesses that Mr. Peterson lined up on his side of the case."

It is difficult to interpret this as a clear indication that counsel was not authorized to proceed. He obviously was not at all reluctant to do

▮▮▮▮▮▮

so. At any rate, if to proceed in her absence was error, it was harmless error since no prejudice is alleged or shown.

Affirmed.