**In re the Marriage of Monica Irene EBNET, petitioner, Respondent,**

v.

**Robert David EBNET, Appellant.**

**No. C3–83–1755.**

Court of Appeals of Minnesota.

May 8, 1984.

Richard H. Hilleren, Benson, for appellant.

Virginia K. Boever, Appleton, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

In this marriage dissolution action, the husband, Robert Ebnet, appeals from a judgment granting custody of the parties minor child to the wife, Monica Ebnet, and from the trial court's valuation of the parties' home. We affirm.

## FACTS

The parties were married on July 26, 1980, when Robert was 25 and Monica was 15. They have one child, David Allen, born September 12, 1980. Two and one-half years later Monica separated from her husband and child, and approximately one month later, in January 1983, she obtained temporary custody of David. Evidence showed Monica began to see another man at or about the time of, the separation. At the time of trial, she was pregnant by that boyfriend. Monica had no plans to marry and was not living with him, but she did intend to continue dating him.

Each party presented testimony claiming to be the better parent to have custody of David, but each party conceded the fitness of the other. Monica claimed that Robert physically and verbally abused her, at times in front of the child. She admitted that, on occasion, she verbally and physically abused Robert. Both parties exercised care and concern for their son while they lived together. Robert Ebnet exercised his visitation rights regularly while Monica had the temporary custody. Monica was David's primary caretaker. She was the parent who routinely fed, dressed, bathed, disciplined and played with him.

The social worker, who conducted the court ordered custody evaluation, made no custody recommendation, and testified that both parents would be suitable custodians for David. A court ordered psychological evaluation of the parties resulted in a recommendation that Monica be granted custody. The guardian ad litem, representing David's interests, also recommended custody be granted to Monica. The trial court found that, while both parties were some-

what immature, any alleged misconduct of either party would not affect that party's relationship to the child, and thus, under Minn.Stat. Sec. 518.17, Subd. 1, should not be considered.

Monica had plans to further her schooling with the goal of becoming a nurse, and had arranged for adequate babysitting assistance. The trial court granted custody of David to the mother with liberal visitation rights to the father.

During the first year of marriage, the parties purchased a home for $14,000. They borrowed the $3,000 down payment from Robert's sister, which was later repaid from an insurance settlement Robert received for injuries he had received before the marriage. A mortgage financed the balance. At the time of purchase, the house had only three useable rooms, but by the time of trial, Robert had remodeled the house, expending "thousands of dollars and many hours of labor," and the house had two stories, three bedrooms, and a double garage.

In an interrogatory answer, Robert estimated the current market value of the house at $28,000. At trial, however, he stated that the true value of the home was $14,000—$15,000. No other evidence of the home's value was introduced. The trial court found the value of the house to be $28,000, awarded the house to Robert and awarded Monica 20% of the equity in the home, or $2,868.40.

## ISSUES

1. Did the evidence support the trial court's finding that the best interests of the child would be served by granting custody to the child's mother?

2. Did the trial court err in finding that the parties' home had a value of $28,000.00?

## DISCUSSION

1. *Custody:*

■ The trial judge who had the opportunity to view the parties, hear their testimony, determine their credibility, and examine the evidence has broad discretion in granting child custody in marriage dissolu-

tion proceedings. A trial court's decision will not be set aside unless it clearly abused its discretion or acted arbitrarily. *Peterson v. Peterson*, 308 Minn. 365, 242 N.W.2d 103 (1976). The Minnesota Supreme Court has discussed the concept of a child's primary care taker in evaluating the best interests of a child. *See Berndt v. Berndt*, 292 N.W.2d 1 (Minn.1980).

■ The trial court applied the applicable statute and found it was in the best interest of the child to remain in the custody of his mother. The evidence presented supported that determination.

2. *Value of home:*

Robert argued that the trial court, in determining the value of the parties' home, should have placed more weight on the home's purchase price three years earlier than on his own estimate of its value given in response to an interrogatory.

■ The trial court has discretion in valuation and division of marital property upon the dissolution of a marriage. Its decision should not be overturned in the absence of a clear abuse of discretion or an erroneous application of the prevailing law. *Servin v. Servin*, 345 N.W.2d 754 at 758 (Minn.1984); *Castonguay v. Castonguay*, 306 N.W.2d 143, 147 (Minn.1981); *Senglaub v. Senglaub*, 302 Minn. 547, 548, 224 N.W.2d 514, 515–516 (1974). "Exactitude is not required of the trial court in the valuation of assets . . .; it is only necessary that the value arrived at lies within a reasonable range of figures." *Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn.1979).

■ Robert himself provided the range of figures from which the trial court chose its value. He also testified that he had expended considerable time and money on improving the house. Considering the interrogatory answer estimating the value of the house at $28,000, the record supports the trial judge's determination of the value of this marital asset. While the trial judge arrived at the highest figure in the range of possible values, he awarded Robert title to and possession of the house and award-

ed Monica Ebnet only 20% of its equity value.

## DECISION

Evidence supported the trial court's findings that the best interests of the parties' minor child were served by granting custody to the mother, and that the value of the parties' home was $28,000.

The trial court's orders of September 13, 1983, and October 1, 1983 are affirmed.