**In re the Marriage of Jean Ann GESKE, f/k/a Jean Ann Marcolina, Petitioner, Respondent,**

v.

**Jeffrey Alan MARCOLINA, Appellant.**

No. C8–00–1336.

Court of Appeals of Minnesota.

April 24, 2001.

M. Sue Wilson, M. Sue Wilson Law Offices, P.A., Minneapolis, MN, for respondent.

Timothy D. Lees, Hennek Klaenhammer & Lees, P.A., Roseville, MN, for appellant.

Considered and decided by
TOUSSAINT, Chief Judge,
STONEBURNER and PORITSKY,
Judges.

## OPINION

PORITSKY, Judge.*

The parties' marriage was dissolved in 1996. The dissolution decree awarded respondent-mother Jean Geske physical custody of the parties' children and awarded visitation to appellant-father Jeffrey Marcolina. Father later moved to modify visi-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

tation, and mother opposed the motion and sought attorney fees. A referee heard the motions and, among other things, awarded mother attorney fees. Father's motion for amended findings prompted amendment of some visitation-related findings but not the fee-related findings. Father appeals, alleging that the basis for the fee award is unclear and that the record does not support an award of attorney fees. The district court did not identify the authority under which it awarded the attorney fees. Nor did it specifically find the financial facts or specifically identify the offending conduct supporting the award. Therefore, we remand for additional findings.

## FACTS

The 1996 decree dissolving the parties' marriage noted the "intense conflict" between the parties. The decree awarded mother sole legal and physical custody of the children, and awarded father visitation. Starting with an August 1998 pro se motion by father, the parties made a series of motions and counter-motions involving, among other things, father's request to modify visitation and mother's request for attorney fees. Proceedings were acrimonious. In April 1999, father retained counsel. At the beginning of the hearing on the parties' motions, father's attorney tried to withdraw because father was behind in paying his attorney and disputed certain fees. The referee did not allow the withdrawal and stated she would address any dispute father and his attorney could not resolve.

The referee's February 2000 order modified the visitation schedule and awarded mother $10,000 in attorney fees but did not identify the statutory basis for the fee award. The district court counter-signed the referee's order. With new counsel, father moved for amended findings or "a new trial." In an April order, the referee modified certain visitation-related findings but did not modify the fee-related rulings.

appointment pursuant to Minn. Const. art. VI, § 10.

The district court signed that order the next day. Father then appealed the attorney fee portion of the ruling.

A September 2000 order in father's fee dispute with his former attorney required father to pay his former attorney $4,104 immediately. That order is not before the court on this appeal.

In December, mother moved this court for attorney fees on appeal and father moved this court to deny mother's motion and for attorney fees for having to respond to mother's motion.

## ISSUES

I. Did the district court adequately explain its attorney fee award?

II. Should either party receive attorney fees on appeal?

## ANALYSIS

### I.

Generally, attorney fees are not recoverable absent specific authority allowing a recovery. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). In dissolution cases there are several bases for attorney fee awards, including Minn. Stat. §§ 518.14, 549.211, subd. 2 (2000), Minn. R. Civ. P. 11, and possible stipulated attorney fee provisions in dissolution judgments. Here, the district court did not identify the authority under which it awarded attorney fees. Because there are different requirements for a fee award, depending on the authority upon which the award is based, a proper review requires that the district court identify the authority for its fee award.

Generally, attorney fees in dissolution cases are governed by Minn.Stat. § 518.14, subd. 1, which allows both need-based and conduct-based fee awards. The standards for making need-based and conduct-based fee awards are different. *Id.* Therefore, fee awards made under this provision must indicate to what extent the award was based on need or conduct or both; here, however, the district court did not do so. *See Haefele v. Haefele*, 621 N.W.2d 758, 767 (Minn.App.2001) (remanding fee issue, stating lack of findings "preclude[d] effective review" of fee award where district court awarded need-based and conduct-based attorney fees under Minn.Stat. § 518.14, subd. 1, but did not indicate how much of the award was for either reason), *review denied* (Minn. Feb. 21, 2001).

### A. Need–Based Fees

Under Minn.Stat. § 518.14, subd. 1, a court "shall award attorney fees, costs, and disbursements in an amount necessary to enable a party to carry on or contest the proceeding" if it finds (a) the fees are necessary for a good-faith assertion of rights; (b) the payor has the ability to pay the award; and (c) the recipient does not have the means to pay his or her own fees.[1] Here, father alleges the findings

---

1. Our quotation of the statutory language indicating that the district court "shall" award need-based attorney fees if the statutory conditions are met, is not an expression of opinion on the question of whether a district court *must* award need-based attorney fees if the statutory conditions are met. *See* Minn.Stat. § 645.44, subd. 16 (2000) (stating " '[s]hall' is mandatory"); *compare Holmberg v. Holmberg*, 588 N.W.2d 720, 727 (Minn.1999) (stating, in a case where it was ultimately determined that Minn.Stat. § 518.14, subd. 1, did not apply, that "[the] statute *requires* the court to award attorney fees if the fees are necessary to allow a party to continue an action brought in good faith, the party from whom fees are requested has the means to pay the fees, and the party seeking fees cannot pay the fees") (footnote omitted; emphasis added) and *Mize v. Kendall*, 621 N.W.2d 804, 807 (Minn.App. 2001) (stating Minn.Stat. § 518.14, subd. 1, *"mandates* the court to award attorney fees if it [makes the statutory findings]") (emphasis added), *review denied* (Minn. Mar. 27, 2001), *with Gully v. Gully*, 599 N.W.2d 814, 826 (Minn.1999) (holding, in a case not specifically addressing the statute's mandatory language, a fee award was not an abuse of the district court's discretion); *Haefele*, 621 N.W.2d at 767 (stating "[a] district court's attorney fee award will be reversed only for an abuse of discretion"). Whether the lan-

and evidence show neither that mother lacks the ability to pay her own fees nor that he has the ability to contribute $10,000 to mother's fees. Regarding mother's ability to pay her own fees, the district court found that mother has gross income of less than $32,000 and that her savings "are a result of her father's generosity plus some assets received in the divorce settlement." The district court also stated that it is "not appropriate" for mother to pay all of the fees she incurred in this visitation proceeding.

▮ Conclusory findings on the statutory factors do not adequately support a fee award.[2] See Richards v. Richards, 472 N.W.2d 162, 166 (Minn.App.1991) (remanding attorney fee issue because court made only "general findings"). However, a lack of specific findings on the statutory factors for a need-based fee award under Minn. Stat. § 518.14, subd. 1, is not fatal to an award where review of the order "reasonably implies" that the district court considered the relevant factors and where the district court "was familiar with the history of the case" and "had access to the parties' financial records." Gully v. Gully, 599 N.W.2d 814, 825–26 (Minn.1999). Here, at the hearing, mother testified that (a) she worked about 21 hours per week; (b) she earned $30.39 per hour; (c) her monthly expenses were the same as they were when the district court issued a 1998 child-support order; and (d) she lacked the ability to contribute to family therapy. The 1998 child-support order states that mother then earned $28.94 per hour, worked 42 47 hours every two weeks, had a net monthly income of $2,207.92, and "listed monthly expenses of $2,644 for herself and the two children[.]"[3] See In re Zemple, 489 N.W.2d 818, 820 (Minn.App. 1992) (holding district court may take judicial notice of prior ruling but not prior testimonial assertions). Thus, mother currently works about the same number of hours per week as she did in 1998, has about the same monthly expenses she had in 1998, and since the 1998 order, has received a raise. Under these circumstances, mother has a significant monthly surplus, even without considering her raise (1998 net monthly income ($2,207.92) plus 1998 child support ($845) is $408 more than her $2,644 in claimed monthly expenses). The existence of a significant surplus for mother suggests that she lacks the need that is required for a need-based fee award. This suggestion, however, is inconsistent with (a) mother's testimony that she did not have the funds to contribute to the cost of family therapy, and (b) her allegation on appeal that the financial information she presented to the district court in the current proceeding is incorrect

guage of Minn.Stat. § 518.14, subd. 1, renders need-based fee awards mandatory was neither argued to, nor addressed by, the district court in this case and we do not address that question here.

2. Mother cites Zagar v. Zagar, 396 N.W.2d 98, 102 (Minn.App.1986) and General v. General, 409 N.W.2d 511, 514–15 (Minn.App.1987) to argue to the contrary. Those cases, however, were decided under the version of the attorney fee statute existing before the 1990 amendment implementing the three-part standard (good-faith-assertion-of-rights/need-for-fees/ability-to-pay-fees) currently in the statute. Therefore, those cases (and others similarly decided) have been, to the extent they are inconsistent with the amended statute, superseded by the amended statute. A similar analysis addresses mother's citation of Farrar v. Farrar, 383 N.W.2d 436, 441 (Minn.

App.1986), review denied (Minn. May 22, 1986), and Kirby v. Kirby, 348 N.W.2d 392, 394 (Minn.App.1984), for the proposition that a disparity in income is an adequate basis for a fee award. But cf. Beck v. Kaplan, 566 N.W.2d 723, 727 (Minn.1997) (affirming attorney fees award, where statute's language was apparently not at issue, citing, among other things, "the parties' disparate financial circumstances").

3. The statement that mother "listed" $2,644 in monthly expenses is not a finding of mother's reasonable monthly expenses. See Dean v. Pelton, 437 N.W.2d 762, 764 (Minn.App. 1989) (stating district court's recitation of parties' claims "is not making true findings" because findings "must be affirmatively stated as findings of the trial court"). Father, however, did not object to the figure.

because she "forgot" to include private-school tuition for the children in her monthly expenses. On this record, mother's ability to pay her own attorney fees is unclear and we cannot invoke *Gully* to affirm the district court's determination that mother lacked the ability to pay her own fees.

 Regarding father, the district court found that he had the ability to contribute to mother's attorney fees. The basis for that finding, however, is unclear. Specifically, the court found that father's 1998 gross income was $57,376 and that he received a raise from $31.1386 per hour in 1998 to $32.285 per hour in 1999. However, the court did not make findings concerning either the father's *net* income or his reasonable monthly expenses. At the hearing, father testified that he had to borrow money to pay his portion of the therapy bills, but he did not otherwise testify concerning his current expenses.[4] Thus, on this record, how the district court reached its determination that father could contribute to mother's attorney fees is unclear.

### B. Conduct–Based Fees

 Under Minn.Stat. § 518.14, subd. 1, a court, "in its discretion," may award "*additional* fees, costs and disbursements against a party who unreasonably contributes to the length or expense of the proceeding."[5] (Emphasis added). Here, be-

cause mother moved for attorney fees, she had the burden of showing that father's conduct unreasonably contributed to the length or expense of the proceeding. *Cf. Nice–Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981) (moving party has burden in custody modification proceeding); *Johnson v. Johnson,* 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975) (moving party has burden in child support modification proceeding); *Joneja v. Joneja,* 422 N.W.2d 306, 310 (Minn.App.1988) (moving party has burden in maintenance modification proceeding). An award of conduct-based fees under Minn.Stat. § 518.14, subd. 1, may be made regardless of the recipient's need for fees and regardless of the payor's ability to contribute to a fee award. *See Gales v. Gales,* 553 N.W.2d 416, 423 (Minn.1996) (citing *Dabrowski v. Dabrowski,* 477 N.W.2d 761 (Minn.App.1991)).

We reject the part of father's argument asserting that he should not have to pay conduct-based fees because he did not act in *bad faith* during the litigation. The statute allows conduct-based fees to be awarded against a party who "unreasonably contributes to the length or expense of the proceeding." Minn.Stat. § 518.14, subd. 1. While bad faith could unnecessarily increase the length or expense of a proceeding, it is *not* required for an award of conduct-based attorney fees under

---

4. Mother argues that information in the 1998 child-support order—specifically concerning father's expenses—can be used to support the 2000 fee award. One case mother cites to support her argument is unpublished. Unpublished opinions, while persuasive, are not precedential. Mother notes that, in *Anastasoff v. United States,* 223 F.3d 898, 905 (8th Cir.2000) the Eighth Circuit Court of Appeals rejected the idea that unpublished opinions are not precedential. *Anastasoff,* however, was vacated shortly after mother filed her brief in this appeal. 235 F.3d 1054, 1056 (8th Cir.2000).

5. Our quotation of the statutory language indicating that a court has discretion to award *additional* attorney fees against a party whose

conduct unreasonably increases the length or expense of the proceeding is not an expression of opinion on the question of whether an award of need-based attorney fees under Minn.Stat. § 518.14, subd. 1, is a prerequisite to an award of conduct-based attorney fees under that same provision. *Cf. Mize,* 621 N.W.2d at 807 (noting Minn.Stat. § 518.14, subd. 1, allows district court discretion to award "additional fees" based on party's conduct) & n. 3 (stating, because record does not support conduct-based fee award, whether a need-based fee award is a prerequisite to a conduct-based award need not be addressed). In the present case, that question was not argued to, or addressed by, the district court and we do not address it here.

Minn.Stat. § 518.14, subd. 1.[6]

 We accept, however, the portion of father's argument suggesting that conduct-based attorney fees must be awarded for conduct occurring *during* litigation. Because Minn.Stat. § 518.14, subd. 1, allows conduct-based fees to be awarded "against a party who unreasonably contributes to the length or expense of *the* proceeding[,]" a proceeding must exist to have its length or expense unreasonably increased. (Emphasis added). *See* Minn.Stat. § 645.08(1) (2000) (requiring words in a statute to be read according the rules of grammar and their common meaning). This reading of the statute is consistent with case law. *Cf. Gales*, 553 N.W.2d at 423 (denying attorney fees on appeal because appellant's arguments in the appeal were "neither frivolous nor asserted in bad faith"); *Redmond v. Redmond*, 594 N.W.2d 272, 276 (Minn.App. 1999) (awarding conduct-based attorney fees on appeal because positions taken by appellant were "duplicitous and disingenuous and have had the effect of further delaying distribution, lengthening this litigation and increasing the expense of these proceedings"). Because conduct-based attorney fees under Minn.Stat. § 518.14, subd. 1, are to be based on behavior occurring during the litigation process, behavior occurring outside the litigation process is not a basis for a conduct-based fee award under that provision.[7]

Here, the district court believed that the acrimony in these proceedings extended their length and expense and that father "bears a great deal [but apparently not all] of responsibility for the visitation issues before the Court." The district court did not, however, identify what conduct by father justified the award of conduct-based attorney fees or whether that conduct occurred during the litigation process. *Cf. Kitchar v. Kitchar*, 553 N.W.2d 97, 104 (Minn.App.1996) (affirming denial of conduct-based attorney fees where, among other things, both parties contributed to expense of case), *review denied* (Minn. Oct. 29, 1996).

We remand the question of attorney fees for identification of the authority for the award, and the necessary findings.

**II.**

By motion, mother seeks attorney fees on appeal. Father seeks attorney fees for responding to mother's motion. Father cites no authority for his fee request. To support her fee request, mother cites Minn.R.Civ.App.P. 127 and 139.06. Neither rule is a substantive basis for attorney fees. *See* Minn.R.Civ.App.P. 127 (addressing *procedure* for making motions in appellate courts); Minn.R.Civ.App.P. 139.06 (addressing *procedure* for requesting attorney fees on appeal); Minn.R.Civ. App. P. 139.06 1998 advisory comm. cmt. (stating "[t]he rule has been amended to provide a *procedure* for seeking attorneys' fees in the appellate courts") (emphasis added). Because we remand for findings regarding the district court's award of attorney fees, and because those findings would impact any award of appellate attor-

6. The cases father cites to support his argument either predate the 1990 amendment of the statute, or involve fees awarded under Minn.Stat. § 549.211 (2000) (or its predecessor, Minn.Stat. § 549.21 (repealed 1997)). The only exception is father's citation to *Dabrowski*, which he candidly admits stands for the proposition that unreasonably contributing to the length and expense of a proceeding justifies an award of attorney fees.

7. That conduct occurring outside the litigation process cannot be the basis for an award of conduct-based attorney fees under Minn.

Stat. § 518.14, subd. 1, does not mean such conduct cannot be the basis for a fee award. Numerous dissolution-related statutes provide for attorney fees if a person's behavior produces a situation where that person's obligations must be enforced in a legal proceeding. *See, e.g.*, Minn.Stat. §§ 518.14, subd. 2 (2000) (child support), 518.175, subd. 6(c)(3) (2000), 518.1751, subd. 3(b) (2000) (visitation), 518.6111, subd. 5(c) (2000) (income withholding); *see also* Minn.Stat. § 518.64, subd. 2(g) (2000) (stating Minn.Stat. § 518.14 applies to motions brought under that provision).

ney fees, on remand the district court shall also address the parties' requests for attorney fees made in connection with this appeal. *See Richards,* 472 N.W.2d at 166 (stating, where award of attorney fees made under what is now Minn.Stat. § 518.14, subd. 1, was remanded for lack of adequate findings, that "[a]n award of attorney fees on remand may include fees incurred on the original motion, and fees incurred on appeal"); *see also* Minn.R.Civ. App.P. 139.06 1998 advisory comm. cmt. (stating appellate court may remand question of attorney fees for appeal (citing *Richards,* among other cases)).

## DECISION

The district court's findings do not identify the legal authority for its award of attorney fees, nor are the findings sufficiently specific to facilitate review of the award. Therefore, on remand the district court shall re-address the question of attorney fees. In doing so, it shall (a) address whether to consider mother's allegations regarding private-school tuition for the children; (b) indicate whether the award is based on father's conduct, mother's need, or both, and shall apportion any fee award among multiple bases for the award, if necessary; (c) make the specific findings required to support its decision regarding the attorney fees incurred in district court; and (d) similarly address the parties' requests for attorney fees on appeal. Whether to reopen the record on remand shall be discretionary with the district court.

**Remanded.**