*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0518**

In re the Marriage of:
Christopher John Anton, petitioner,
Respondent,

vs.

Romona L. Sparks,
f/k/a Romona L. Anton,
Appellant.

**Filed December 19, 2016
Affirmed
Bratvold, Judge**

Hennepin County District Court
File No. 27-FA-13-6573

Jaime Driggs, Henson & Efron, P.A., Minneapolis, Minnesota (for respondent)

Beau D. McGraw, McGraw Law Firm, P.A., Lake Elmo, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

In this appeal from a marital dissolution judgment between appellant-wife and respondent-husband, wife argues that the district court erred by: (1) awarding husband a nonmarital interest in various trust funds and awarding permanent spousal maintenance

without determining husband's income from the trust funds; (2) denying wife's motion to vacate a partial judgment that adopted a settlement agreement wife claims she signed when she lacked capacity; and (3) awarding conduct-based attorney fees to husband. Because (1) wife failed to preserve any issue regarding husband's trust funds and income from the trust funds; (2) the district court correctly concluded that wife did not establish grounds for vacating a partial dissolution judgment based on lack of capacity; and (3) the district court did not abuse its discretion in determining that wife's conduct unreasonably contributed to the length of these proceedings, we affirm.

## FACTS

Christopher Anton (husband) and Romona Sparks (wife) married in 1991. In September 2013, husband filed a petition for dissolution of the marriage. Relevant to the issues on appeal, the parties conducted discovery regarding husband's interest in various trust funds. The district court ordered the trustees to produce the trust instruments and make them available for attorneys' eyes only. According to the trustees' affidavits, the trusts are discretionary and give husband the opportunity to withdraw funds, but the only distribution from any of the trusts was a $45,000 distribution in 2007.

On January 16, 2015, husband and wife engaged in a day-long mediated settlement conference. Negotiations continued via phone and email for the next several days. The resulting settlement agreement, signed by both parties, awarded permanent spousal maintenance to wife and divided property and debts between husband and wife.

After the parties informed the district court that they had signed a settlement agreement, the district court cancelled the scheduled trial. The parties, however, did not

2

sign or agree to a proposed stipulated judgment and decree. Instead, husband and wife brought separate motions to enforce the settlement agreement and attached separate proposed findings of fact and conclusions of law. There were only a few differences between the parties' proposed orders and none of the differences are raised in this appeal.

After conducting a hearing on the motions to enforce, the district court on May 29, 2015, filed Findings of Fact, Conclusions of Law, Order for Partial Judgment and Partial Judgment and Decree (partial judgment). The district court directed entry of a partial judgment that reflected all agreed-upon terms, resolved minor disagreements over wording, and expressly reserved two issues: (1) whether husband is entitled to conduct-based attorney fees; and (2) the amount of wife's income, which was needed to set a baseline for future modification of spousal maintenance. Relevant to this appeal, the partial judgment decreed that wife is entitled to permanent spousal maintenance and that husband has a nonmarital interest in four different trust funds.[1]

Although the district court noted that "a disproportionate share of the fault" for the disagreement on the dissolution terms was due to wife's changing positions, the district court actually adopted some of wife's proposed findings over husband's proposed findings. For example, the district court adopted wife's proposed finding related to husband's income, which anticipated a higher salary after a recent promotion. This meant that husband's gross annual income was determined to be $126,000, not $110,000, as husband proposed.

---

[1] Wife filed a notice of appeal from the partial judgment, but this court questioned jurisdiction and wife voluntarily dismissed her appeal.

Five months after entry of the partial judgment, wife filed a motion to vacate it, claiming for the first time that she lacked the "proper mental capacity" when she signed the settlement agreement. In support of her motion, wife filed an affidavit in which she averred that, during the settlement conference, she was ill and "in pain as I could barely even sit up in a chair." Wife also averred she was taking pain medication as well as "other medications prescribed by cardiac and respiratory doctors." She also stated that the mediator "pressured" her and told her to accept the proposed settlement because "it was the best deal that I could hope for considering the Judge I was assigned to." Wife attested that she "decided not to sign anything" on the day of the settlement conference because she "did not feel it was in my best interests, especially considering the state of my health and the condition I was in."

Wife's affidavit also averred that, on the evening of January 22, 2015, her attorney brought the settlement agreement to her home, and she was in the same physical and psychological condition, stating: "I was ill and under severe duress during this process." Wife added that she "could not stand the pressure any longer and I simply agreed to sign." Her affidavit also stated that she intended to call witnesses to support her motion to vacate, specifically, the mediator, her former attorney, and a doctor. Husband opposed wife's motion, and moved for conduct-based attorney fees and other relief.

The district court heard wife's motion to vacate along with argument on the issues reserved in the partial judgment. During the hearing, the parties agreed that wife's baseline yearly gross income was $12,500. On February 5, 2016, the district court issued an order and entered judgment (February judgment) denying wife's motion to vacate, deciding the

4

reserved issues, and awarding husband $18,286 in conduct-based attorney fees. Wife appeals the partial judgment and the February judgment.

## DECISION

I. **The district court did not err in entering a partial judgment based on the parties' settlement agreement and the proposed findings submitted by the parties.**

Wife challenges the district court's determinations regarding spousal maintenance and marital property. We accord district courts broad discretion in determining spousal maintenance and property division and reverse only if there has been an abuse of discretion. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997); *Chamberlain v. Chamberlain*, 615 N.W.2d 405, 412 (Minn. App. 2000), *review denied* (Minn. Oct. 25, 2000). A district court abuses its discretion where it "acts against logic and the facts on record, or if it enters fact findings that are unsupported by the record, or if it misapplies the law." *In re Adoption of T.A.M.*, 791 N.W.2d 573, 578 (Minn. App. 2010) (quotation and citation omitted).

In determining the amount of spousal maintenance, a court must consider "the financial resources of the party seeking maintenance" and "the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance." Minn. Stat. § 518.552, subd. 2 (2014). In dividing marital property, the district court considers a number of relevant factors to "make a just and equitable division." Minn. Stat. § 518.58, subd. 1 (2014). What is "marital property" is a mixed question of law and fact. *Baker v. Baker*, 753 N.W.2d 644, 649 (Minn. 2008).

In this case, the partial judgment awarded permanent spousal maintenance to wife at $2,000 per month and increased maintenance to $4,000 per month three months after

5

wife vacated the homestead. The partial judgment also divided the parties' marital property and, adopting language proposed by both parties, specifically determined that husband has a nonmarital interest in several trusts.

Wife argues that spousal maintenance should be "reopened" because it is not "fair, just and equitable under the circumstances." Wife also argues the property division should be "reopened" to "ensure an equitable distribution." An appellant must show both error and prejudice resulting from the error. *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975). This court will deem an error harmless where the appellant fails to allege or show prejudice as a result of the court error. *Senglaub v. Senglaub*, 302 Minn. 547, 550, 224 N.W.2d 514, 516 (1974).

Wife's brief does not clearly articulate how she was prejudiced by the award of permanent spousal maintenance or the property division. Therefore, her arguments regarding spousal maintenance and the property division are not properly before this court. *See Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. App. 2007) (declining to address an inadequately briefed question); *Broadsky v. Broadsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (citing this aspect of *Wintz*). Further, even if we were to assume prejudice, wife's arguments on these points are not persuasive, as set out below.

At oral argument, wife's counsel contended that the district court erred in its determination that husband's interest in the trust funds is nonmarital property and that wife might have received a higher spousal maintenance award if husband's income from the trust funds had been taken into account. While this appears to be unsupported speculation,

we will nevertheless address wife's argument concerning spousal maintenance after we address her arguments about the nonmarital property and husband's income from the trust funds.

First, the district court did not err in its determination that husband's interest in the trust funds is nonmarital property. With their motions to enforce the settlement agreement, the parties separately submitted proposed findings of fact. While the settlement agreement did not refer to husband's trust funds, *both* parties proposed that the district court find husband's interest in the trust funds to be nonmarital property. While identical proposed findings are not the same as a stipulation, our case law regarding stipulations is instructive.

When a district court enters a judgment based on a stipulation of the parties, the court either adopts the stipulated terms or gives notice to the parties of the portions of the stipulation it deems unacceptable so that the parties have an opportunity to be heard. *Toughill v. Toughill*, 609 N.W.2d 634, 638 n.1 (Minn. App. 2000) ("[W]hile a district court may reject all or part of a stipulation, generally, it cannot, by judicial fiat, impose conditions on the parties to which they did not stipulate and thereby deprive the parties of their 'day in court.'"). When a court has adopted a factual finding from the parties' stipulated facts, its determination will be upheld on appeal. *Anderson v. Anderson*, 303 Minn. 26, 31, 225 N.W.2d 837, 840 (1975) (rejecting appellant's argument that the district court's finding failed for lack of evidence because the claim "ignores the legal effect of a stipulation").

In this case, the parties submitted identical proposed findings on husband's interest in the trust funds. These proposed findings had the same effect as a stipulation. Thus the district court did not err in adopting a proposed finding that was submitted by both parties.

7

*See generally Toughill*, 609 N.W.2d at 638 (holding a district court may adopt the parties' stipulated terms and, if one party seeks to repudiate or withdraw from the stipulation, the party must have the other party's consent or the court's permission).

Stated somewhat differently, wife failed to preserve any challenge to the district court's determination that husband's interest in the trust fund is nonmarital property. Wife cannot challenge on appeal what she proposed to the district court and did not identify as a contested issue. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.") (quotation omitted); *see also Majerus v. Guelsow*, 262 Minn. 1, 11, 113 N.W.2d 450, 457 (1962) ("[A] party cannot avail himself of invited error."). Here, wife did not object to the district court's finding that husband's interest in the trust fund is nonmarital property. Because wife proposed the finding that was adopted by the district court and never objected to it, wife is challenging the district court's determination for the first time on appeal. We will not consider an issue raised for the first time on appeal. *Thiele*, 425 N.W.2d at 582 (noting that appellate courts do not address or decide issues raised "for the first time on appeal").

Second, wife also failed to preserve any challenge to the partial judgment based on the district court's failure to include a finding about husband's trust income. When the district court independently calculates income, a failure to include a known income source may be an error requiring remand. *See Koury v. Koury*, 410 N.W.2d 31, 33 (Minn. App. 1987) (remanding a child-support case to the district court for a new net income calculation to include a previously not included income tax refund). We will also remand to the district

8

court for appropriate findings where the district court rejects a calculation made by a party but does not "perform[] the analyses and modifications necessary to reach a figure that it deem[s] reasonable." *Bliss v. Bliss*, 493 N.W.2d 583, 587 (Minn. App. 1992), *review denied* (Minn. Feb. 12, 1993).

In this case, however, neither party proposed findings regarding husband's trust income. Rather, both parties proposed a finding regarding husband's income that was based solely on husband's salary from employment, and the district court adopted wife's proposed finding in the partial judgment. Wife failed to raise any issue regarding husband's trust income until she filed this appeal; thus we do not consider the issue. *Thiele*, 425 N.W.2d at 582. We also note that the record includes no evidence of regular income from the trusts and documents only a single trust distribution in 2007. This suggests that if any error occurred, it did not prejudice wife. *Senglaub*, 302 Minn. at 550, 224 N.W.2d at 516. The district court's failure to make an express determination about husband's trust income was therefore not an abuse of discretion.

Because wife's only allegation of error concerning spousal maintenance is related to husband's trust funds and related income, her challenge fails for the reasons already discussed. We conclude that the district court did not abuse its discretion with regard to spousal maintenance or property division as set out in the partial judgment.

II. **The district court did not err in denying wife's motion to vacate the partial judgment based on wife's alleged lack of capacity at the time she signed the settlement agreement.**

Wife argues that the district court erred in denying her motion to vacate the partial judgment based on her claim that she lacked capacity when she signed the settlement

9

agreement, giving two reasons. First, wife asserts that the district court erred by applying the standard set out in Minnesota Statute section 518.145, subdivision 2. Second, wife contends the district court erred in denying the motion to vacate without conducting an evidentiary hearing. We will address each argument in turn.

### A.       *Application of Minnesota Statutes section 518.145, subdivision 2*

"The sole relief from [a dissolution] judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2." *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997) (holding that a stipulation merged into a judgment cannot be vacated because of incompetent counsel). Here, the district court denied wife's motion because lack of capacity is not an enumerated statutory ground to reopen a judgment under section 518.145. Wife argues that section 518.145 applies only to final judgments and that the partial judgment was not a final judgment. Legal questions regarding which standard the court should apply to a motion to vacate are reviewed de novo. *Id.* at 521.

Wife contends that the district court erred because it did not apply the standard set out in *Toughill*, which considered a husband's appeal from a district court's decision denying his motion to vacate a marital termination agreement. The husband claimed on appeal that the agreement was void for fraud and duress. *Toughill*, 609 N.W.2d at 639. Relying on *Shirk*, *Toughill* held that a district court may relieve a party from the terms of a stipulation "which has not yet been incorporated into a dissolution judgment, [and] the district court is to consider whether the stipulation was 'improvidently made and in equity and good conscience ought not to stand.'" *Id.* (quoting *Shirk*, 561 N.W.2d at 522). In contrast, "when a judgment and decree is entered based upon a stipulation, . . . the

10

stipulation is merged into the judgment and decree and the stipulation cannot thereafter be the target of attack by a party seeking relief from the judgment and decree." *Shirk*, 561 N.W.2d at 522. We conclude that wife misconstrues *Toughill*, which held that the correct standard depends on whether the settlement agreement has been adopted or incorporated into a dissolution judgment.

Here, the district court entered the partial judgment based on the settlement agreement and the parties' competing submissions of proposed findings of fact, conclusions of law, and orders for judgment. Notably, the partial judgment explicitly incorporated the parties' settlement agreement by stating it "reflect[s] all agreed-upon terms, resolv[es] disputes over minor disagreement[s] in wording, and order[s] other relief." Because wife did not seek relief from the settlement agreement before the partial judgment was entered, *Toughill* does not apply, and the district court properly applied section 518.145.

We review the district court's decision not to vacate the partial judgment under section 518.145 for an abuse of discretion. *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn. 1996). "If there is evidence to support the district court's decision, an abuse of discretion will not be found." *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007).

"Minn. Stat. § 518.145 was carefully crafted by the legislature to provide limited areas of relief to those seeking vacation of judgment." *Shirk*, 561 N.W.2d at 522 n.3. The statute provides an exclusive list of reasons a district court may reopen or grant other relief from a dissolution judgment. The reasons include:

11

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence . . . ;
(3)  fraud  whether  denominated  intrinsic  or  extrinsic, misrepresentation, or other misconduct of an adverse party;
(4)  the judgment and decree or order is void; or
(5)  the judgment has been satisfied, released or discharged, . . .

Minn. Stat. § 518.145, subd. 2 (2014). The statute also expressly allows a district court to "set aside a judgment for fraud upon the court." *Id.*; *see Alam v. Chowdhury*, 764 N.W.2d 86, 89 (Minn. App. 2009) (affirming the reopening of a judgment after a showing of fraud upon the court).  "The moving party must prove at least one of the statutory grounds for vacating by a preponderance of the evidence." *Knapp v. Knapp*, 883 N.W.2d 833, 835 (Minn. App. 2016).

Wife's sole argument for vacating the partial judgment is lack of capacity, which is not an enumerated ground under section 518.145, subdivision 2, and wife does not assert that it fits into any of the statutorily listed grounds. While not argued by either party, relevant case law establishes that "[a] stipulation and judgment tainted by a party's incompetency may amount to a fraud upon the court." *Blattner v. Blattner*, 411 N.W.2d 24, 27 (Minn. App. 1987), *review denied* (Minn. Oct. 30, 1987); *see* Minn. Stat. § 518.145, subd. 2 (noting that the statute does not limit the court's power to grant relief for fraud on the court).

Because wife did not argue that her lack of capacity amounted to fraud on the court, the issue is not before us and we need not decide it. *Thiele*, 425 N.W.2d at 582. We note, however, that wife did not allege any facts supporting a claim of fraud on the court. Fraud on the court is "an intentional course of material misrepresentation or non-disclosure,

12

having the result of misleading the court and opposing counsel and making the . . . settlement grossly unfair." *Maranda v. Maranda*, 449 N.W.2d 158, 165 (Minn. 1989). Specifically, wife does not allege that anyone engaged in an "intentional course" of misrepresentation or non-disclosure about her incapacity, or that the settlement agreement was "grossly unfair." *Id*.

Moreover, the district court correctly noted that wife's motion to vacate must rebut the presumption that she was competent at the time she signed the settlement agreement. "In Minnesota there is a presumption of competence." *Fisher v. Schefers*, 656 N.W.2d 592, 595 (Minn. App. 2003). Competence means having "the ability to understand, to a reasonable extent, the nature and effect of what she is doing." *State Bank of Cologne v. Schrupp*, 375 N.W.2d 48, 51 (Minn. App. 1985), *review denied* (Minn. Dec. 13, 1985).

Wife's affidavit stated that during the settlement process, she was "ill," "in pain," and was on medication with "widely known psychological side effects." But this does not rebut the presumption of competence because wife also averred that, on the day of negotiations, she "ultimately decided not to sign anything" because she "did not feel it was in my best interests, especially considering the state of my health and the condition I was in." Further, wife attested that she later signed the settlement agreement because "I could not stand the pressure any longer and I simply agreed to sign."

We conclude that the district court did not abuse its discretion when it concluded that wife's affidavit "evinces an intimate knowledge of the proceedings surrounding and including the moderated settlement conference," and therefore fails to establish that wife did not understand what she was doing. Certainly, feeling "pressure" when signing a

13

settlement agreement is insufficient to establish lack of competence, much less fraud on the court. Additionally, we note that wife's affidavit offers no evidence about her competence during the time she filed a motion to enforce the settlement agreement and submitted proposed findings, many of which were adopted by the district court.

We conclude that the district court properly applied section 518.145, subdivision 2. Because wife's motion to vacate and affidavit did not support any of the statutory grounds for granting relief from the partial judgment, the district court did not abuse its discretion in denying wife's motion. We therefore need not consider the district court's other reasons for denying wife's motion.[2]

### B.    Lack of an evidentiary hearing

Wife argues that the district court erred when it made factual determinations about her competence without an evidentiary hearing. A district court has discretion whether to hold an evidentiary hearing, a decision that this court reviews for abuse of discretion. *Anh Phuong Le v. Holter*, 838 N.W.2d 797, 800 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013).

In family law cases, motions other than those involving contempt are decided without holding an evidentiary hearing, unless the court orders a hearing for good cause. *Doering v. Doering*, 629 N.W.2d 124, 130 (Minn. App. 2001), *review denied* (Minn. Sept. 11, 2001). Where a party does not request a hearing, motions are "submitted on affidavits,

---

[2] In addition to determining that wife did not meet the standard for relief from a marital dissolution judgment under section 518.145, the district court rejected wife's motion as the partial judgment was barred by rule 13.01 of the Minnesota Rules of Civil Procedure and the doctrine of res judicata.

exhibits, documents subpoenaed to the hearing, memoranda, and arguments of counsel." Minn. R. Gen. Pract. 303.03(d)(1). To present oral testimony in support of a motion, a party must request to do so "by motion served and filed not later than the filing of that party's initial motion documents." Minn. R. Gen. Pract. 303.03(d)(2).

Although wife referred to witnesses in her affidavit, she never made a motion asking the district court to take oral testimony. Even if we construe wife's affidavit to be a motion for an evidentiary hearing, the district court did not abuse its discretion in implicitly denying it. As discussed above, wife's evidence, which failed to rebut the presumption of competence, also failed to establish good cause for a hearing given the available grounds for relief under section 518.145, subdivision 2. As aptly stated by the district court, "[e]ven assuming Wife's allegations are true on their face, it is clear that, while she may have been stressed and 'feeling an enormous amount of pressure to reach an agreement[,]' Wife understood the nature and effect of her actions" when she signed the settlement agreement. Because wife did not request an evidentiary hearing and her submissions failed to establish good cause for a hearing, the district court did not abuse its discretion when it denied wife's motion to vacate based on the parties' written submissions and without holding an evidentiary hearing.

## III. The district court did not abuse its discretion in awarding conduct-based attorney fees.

In the February judgment, the district court determined that wife "unnecessarily contributed to the length and expense of this proceeding," and awarded husband conduct-based attorney fees in the amount of $18,286 under Minnesota Statute section 518.14,

subdivision 1. Wife acknowledges that the district court awarded attorney fees because she refused to accept the settlement agreement, but argues that the district court erred because she was "not unreasonable."

The district court may require a party who "unreasonably contributes to the length or expense of [a] proceeding" to pay attorney fees to the other party. Minn. Stat. § 518.14, subd. 1 (2014). No showing of bad faith is necessary. *Geske v. Marcolina*, 624 N.W.2d 813, 818 (Minn. App. 2001). Unlike need-based attorney fees, conduct-based attorney fees may be awarded "regardless of the recipient's need for fees [or] the payor's ability to contribute." *Id.* We review a district court's award of conduct-based attorney fees for abuse of discretion. *Brodsky v. Brodsky*, 733 N.W.2d 471, 476 (Minn. App. 2007). The district court must make findings explaining its award of conduct-based attorney fees. *Id.* at 477.

Here, the district court awarded attorney fees arising from wife's motion to vacate, husband's motion to enforce the partial judgment, and husband's motion to enforce the settlement agreement. The district court supported its decision by identifying several ways in which wife unreasonably delayed the proceedings, including:

- "[P]roposing to use $12,500 as her baseline income and then reneging on that agreement after Husband accepted her proposal," which caused the district court to hold an evidentiary hearing on the issue, and "delay[ed] final adjudication by five months after Wife knew . . . that she had already agreed to use the $12,500 figure."
- Removing items of property allocated to husband in the judgment, "promp[ting] Husband to move the Court to enforce these provisions."
- Insisting on adding terms to the judgment that were not in the settlement agreement.

16

- Requesting relief contrary to the terms of the settlement agreement.

Wife does not argue that the district court misapplied the law or made findings unsupported by the record. We conclude that the record supports the district court's determination that wife's conduct contributed to the length and expense of the proceedings by requiring husband to bring enforcement motions after wife reneged on the settlement agreement and, later, when wife refused to comply with the partial judgment. Our case law establishes that "[e]nforcement proceedings can be a basis for a conduct-based fee award." *Brodsky*, 733 N.W.2d at 477.

Citing no supporting legal authority, wife argues that her actions were not unreasonable. This argument essentially asks us to second-guess the district court's factual determination that wife "unreasonably contributed" to the length of the proceedings, which is not the province of this court. *Cf. Rask v. Rask*, 445 N.W.2d 849, 855 (Minn. App. 1989) (affirming a conduct-based attorney fee award where it had "some support in the record"). Also, wife's argument appears to assume that bad faith is required to award conduct-based fees. It is not. *Geske*, 624 N.W.2d at 818. Accordingly, the district court did not abuse its discretion in awarding conduct-based attorney fees to husband.

**Affirmed.**