In re the Marriage of ANH PHUONG LE, petitioner, Appellant,

v.

Cary Dale HOLTER, Respondent.

No. A12–2011.

Court of Appeals of Minnesota.

Nov. 4, 2013.

John T. Burns, Jr., Burns Law Office, Burnsville, MN, for appellant.

Michael C. Black, Michael C. Black Law Office, Ltd., St. Paul, MN. for respondent.

Considered and decided by CLEARY, Presiding Judge; CONNOLLY, Judge; and LARKIN, Judge.

## OPINION

CLEARY, Judge.

In this child-custody appeal, appellant Anh Phuong Le challenges the district court's denial of her motion requesting leave to move her children from Minnesota to California. On appeal, appellant argues that the district court (1) was required to hold an evidentiary hearing prior to ruling on the merits of her removal motion and (2) erred in ruling that she failed to show that removal is in the best interests of her children. We affirm.

## FACTS

Appellant and respondent Cary Dale Holter were married on April 20, 2001. On July 22, 2009, their marriage was dissolved by stipulated decree. The parties were granted joint legal custody, and appellant was granted sole physical custody of their two minor children. The decree stipulates that respondent has parenting time on alternating weekends and every Wednesday from 5:00 p.m. until 7:30 a.m. Thursday morning. The decree provides that "[n]either party shall move the residence of the minor children of the parties from Minnesota except upon order of the court or with the consent of the other party."

On July 16, 2012, appellant filed a motion to relocate the children to the San Diego area of California, or in the alternative, to order Hennepin County Family Court Services to perform an evaluation as to the children's best interests regarding the proposed move. Appellant's motion also asked for a revision in the parenting schedule based on removal of the children. The motion was accompanied by an affidavit explaining appellant's reasons for removal. On July 27, 2012, respondent filed a responsive motion requesting that appellant's motion be denied. Respondent's motion was also accompanied by an affidavit addressing appellant's motion and assertions in her affidavit. On July 30, 2012, both parties attended a hearing on the motion in district court. Each party was represented by counsel and presented arguments for and against the motion. However, neither party was called as a witness.

In her affidavit supporting her removal motion, appellant asserted that she has struggled to find work and that she was receiving unemployment compensation for an undisclosed period of time. Although she acknowledged that she was retained for contract work, that work purportedly ended in September 2012. Additionally, appellant claimed that her unemployment income was to run out after her contract work ended, leaving her unable to provide for her children and forcing her to apply for welfare benefits. Her affidavit stated that she applied for and was rejected from employment in Minnesota and that her

chances of securing employment in California were greater than in Minnesota. Although she did not identify specific job prospects in California, appellant indicated in her affidavit that she had leads on a few jobs and a stronger opportunity to gain employment through family and friends in California. Appellant also maintained that living near her family in California would benefit the children by exposing them to her Vietnamese cultural traditions.

The district court denied appellant's motion to relocate the children. In determining that appellant had not met her burden of proof that moving the children to California is in their best interests, the court made findings as to each of the eight factors delineated in the removal statute, Minn.Stat. § 518.175, subd. 3(b) (2012). Chief among the court's findings is that appellant's primary motive for seeking relocation was a strong desire to be close to her family members. The district court ultimately determined that a move to California would have a significant negative effect on the children's relationship with respondent and held that appellant had failed to sustain her burden of proof for removal. Appellant filed a notice of appeal with this court.

### ISSUES

I. Was the district court required to hold an evidentiary hearing before ruling on the merits of appellant's removal motion?

II. Was the district court's denial of appellant's removal motion an abuse of discretion?

### ANALYSIS

**I. The district court was not required to hold an evidentiary hearing before ruling on the merits of appellant's removal motion.**

 Appellant argues that the district court erred by failing to hold an evidentiary hearing before ruling on the merits of her removal motion. "Whether to hold an evidentiary hearing on a motion generally is a discretionary decision of the district court, which we review for an abuse of discretion." *Thompson v. Thompson,* 739 N.W.2d 424, 430 (Minn.App.2007). The statutory section governing removal motions does not impose a requirement on district courts to hold an evidentiary hearing. *See* Minn.Stat. § 518.175, subd. 3 (2012) (lacking any mention of an evidentiary hearing requirement). Further, the Rules of Family Court Procedure set out in the Minnesota Rules of General Practice govern matters involving child custody. Minn. R. Gen. Pract. 301.01(a), (b)(1), (2), (8). Under those rules, it is presumed that non-contempt motions will be submitted on affidavits, exhibits, subpoenaed documents, memoranda, and arguments of counsel. Minn. R. Gen. Pract. 303.03(d)(1). Requests for oral testimony must be submitted to the district court by motion prior to or contemporaneously with the filing of initial motion papers. *Id.* (d)(2).

There is no evidence in the record that appellant ever requested an evidentiary hearing in district court. In her removal motion, appellant did request that, as an alternative to relocation, the district court order Hennepin County Family Court Services to perform an evaluation to determine the children's best interests. However, a request that the county address the children's best interests is not a request that the district court hold an evidentiary hearing. A request for oral testimony must be submitted with specific information including the names of witnesses and the nature and the expected length of testimony. *Id.* Appellant's removal motion failed to request an evidentiary hearing and failed to provide the information required by the rules for such a hearing.

█ Appellant's argument that the district court was required to hold an evidentiary hearing if it found that appellant presented a prima facie case for removal is misplaced. Appellant cites caselaw interpreting the standard that courts apply in determining whether an evidentiary hearing is required before ruling on a motion for custody modification, instead of applying caselaw interpreting the removal provisions of Minn.Stat. § 518.175, subd. 3. "Determination of the applicable statutory standard, and the interpretation of statutes, are questions of law that [appellate courts] review de novo." *Goldman v. Greenwood*, 748 N.W.2d 279, 282 (Minn. 2008) (citations omitted).

█ The requirements for custody modification are set out in Minn.Stat. § 518.18 (2012). Under this section, a district court is required to conduct an evidentiary hearing on a motion to modify custody if the moving party makes a prima facie case for modification. *Goldman*, 748 N.W.2d at 284 (citing *Nice–Petersen v. Nice–Petersen*, 310 N.W.2d 471, 472 (Minn. 1981)). A prima facie case for endangerment-based modification requires the movant to establish four elements.[1] However, the provision that making a prima facie case for relief entitles the moving party to an evidentiary hearing has not been ex-tended to motions for removal under Minn. Stat. § 518.175, subd. 3. *See Goldman*, 748 N.W.2d at 282–84 (holding that modification of a custody order with a locale restriction, a restriction limiting custody to a party on the condition that the party remain with the child in a certain location, is governed by Minn.Stat. § 518.18(d)).

Appellant does not expressly ask this court to consider the removal provision in her custody order as a locale restriction governed by custody-modification law. Furthermore, appellant agrees with the district court that the removal provision in Minn. Stat. § 518.175, subd. 3(b), provides the correct framework for determining whether appellant should be granted leave to relocate the children to another state. But appellant argues that the district court erred by failing to hold an evidentiary hearing by asserting that the district court should have accepted her allegations as true and ruled on whether appellant had presented a prima facie case for removal.[2] In support of this proposition, appellant cites *Geibe v. Geibe*, a custody-modification case that is inapplicable to removal motions. *See Geibe v. Geibe*, 571 N.W.2d 774 (Minn.App.1997) (reviewing whether a district court had properly ruled on a custody-modification dispute without holding an evidentiary hearing and applying the cus-

---

1. The four elements for an endangerment-based modification of custody are (1) a change of circumstances for the child or custodian, (2) that the modification would serve the child's best interests, (3) that the child's present environment presents endangerment to the child's physical health, emotional health, or emotional development, and (4) that the benefits of the move outweigh the detriments with respect to the child. *See Goldman*, 748 N.W.2d at 284.

2. Appellant's confusion is partly due to word choice in the district court's order. In delineating his findings, the district court judge stated that appellant "failed to sustain[ ] her burden of proof on a prima facie basis that a move to California would be in the best interest[s] of the children. Based upon the record, there is insufficient basis for ordering a court services evaluation or scheduling an evidentiary hearing on the matter." It is possible that the juxtaposition of these two sentences and use of "prima facie" led appellant to believe that the district court did not hold an evidentiary hearing because of some failure of proof by the appellant. The more reasonable interpretation of the district court's order is that the court independently determined that it was unnecessary to hold an evidentiary hearing and independently held that appellant had not met the eight-factor best-interests test for removal.

tody-modification prima facie test). Appellant appears to partially withdraw from this position in her reply brief by arguing that this court should apply the proposed prima facie standard for equitable reasons. However, no caselaw is cited that is relevant to removal motions under Minn. Stat § 518.175, subd. 3(b).

The inapplicability of the process for seeking an evidentiary hearing in custody modification to removal motions is supported by the different interests behind each statutory provision. Generally, custody modification is appropriate when there is a showing of endangerment to the child's physical or emotional health or impairment of the child's emotional development. Minn.Stat. § 518.18(d)(iv). When determining whether to grant an evidentiary hearing in a custody-modification dispute, the court accepts the moving party's allegations as true to err on the side of caution and ensure that the court is protecting the child at issue. *See Lilleboe v. Lilleboe*, 453 N.W.2d 721, 724 (Minn.App. 1990) (stating that courts should pay "special attention to cases where allegations are made of present endangerment to a child's health or emotional well-being. Evidentiary hearings are strongly encouraged in these circumstances to protect the best interests of the child."). The same concern is not present in the removal statute. Instead, the removal statute places the burden of proof on the parent requesting to relocate the child. Minn.Stat. § 518.175, subd. (3)(c). The need to err on the side of caution, which necessitates the evidentiary-hearing process in custody modifications, is lacking.

Because a district court is not required to hold an evidentiary hearing on a removal motion, the district court did not abuse its discretion by failing to hold an evidentiary hearing before ruling on appellant's removal motion.

## II. The district court's denial of appellant's removal motion was not an abuse of discretion.

Appellant argues that the district court erred by denying her motion for removal. In reviewing removal decisions this court is limited to considering whether the district court abused its discretion in making findings unsupported by the evidence or by improperly applying the law. *Goldman*, 748 N.W.2d at 284. A district court's findings of fact are only set aside if clearly erroneous, "giving deference to the district court's opportunity to evaluate witness credibility." *Id.* "Findings of fact are clearly erroneous where an appellate court is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

In ruling on a motion for removal, a district court must apply the "best interests standard," outlined in the removal statute. Minn.Stat. § 518.175, subd. 3(b). The best-interests standard for removal motions directs a district court to evaluate a non-exclusive list of eight factors to determine whether removal is in the best interests of the child. *Id.* The burden of proof is on the parent seeking relocation. *Id.*, subd. 3(c). The district court outlined its factual findings for each of the eight factors. The factors are discussed in turn:

### (1) The children's relationship with parents and others.

The district court found that respondent attends school functions, helps the children with school work, calls them every day, and supports their activities financially and with his presence. The court also determined that the children frequently see respondent's family members who live in Minnesota. The children primarily reside with appellant, and respondent has 30% parenting time. Additionally, the children

see appellant's family in California twice a year. The court noted that the children's child-care provider, located in Maple Grove, is a significant person in the children's lives.

On appeal, appellant takes issue with the district court's factual findings as to appellant's relationship with the children under this factor. The district court's order does not address some of appellant's assertions as to her relationship with the children. However, it was not clearly erroneous for the district court to accept some assertions in the affidavits while rejecting or failing to expressly address others.

**(2) The children's development and needs.**

The district court determined that the children have no special physical or educational needs. Additionally, the district court agreed with both parties that the children have done well in school. The district court found that the children require "full and healthy relationships with both parents as they develop their individual identities." The record does not contain evidence such that this court could conclude the district court's findings on this issue were clearly erroneous.

**(3) The feasibility of preserving the children's relationship with the non-relocating parent.**

The district court's order notes that appellant's removal motion, if granted, would result in the children residing in California during the school year and with respondent during summer months and three extended school vacations. This arrangement would amount to a small reduction in the total number of days the children would be with respondent. The district court found that, regardless of a change in the number of parenting days, a move to California would have a significant nega-

tive impact on the children's relationship with respondent.

Appellant and respondent disagree as to the likely impact of the proposed parenting arrangement on preserving the children's relationship with respondent. In his affidavit, respondent stated that the new arrangement would not allow him to see the children on a regular basis or attend their school and extracurricular activities and would thus be harmful to the parent-child relationship. At the district court hearing, respondent's counsel also argued that frequent contact is more important than counting how many total parenting days respondent would have the children. The district court did not abuse its discretion in giving greater weight to respondent's prediction as to the impact the move would have on the children's relationship with respondent.

**(4) The children's preference.**

The district court determined that the children are too young to express a preference, and appellant does not challenge this determination on appeal.

**(5) Whether there is a pattern by the relocating parent to promote or thwart the children's relationship with the other parent.**

In finding that there was no showing of a pattern by appellant to promote or thwart the children's relationship with respondent, the district court observed that both parents acknowledge tension in their relationship. The district court took note of respondent's claims that appellant has denied him some parenting time and that it has been difficult for him to reach the children by telephone. Appellant's claim that respondent is an uninvolved parent was not proven, according to the district court. Considering the mixed record, the district court was not clearly erroneous in

finding that appellant has neither thwarted nor promoted the children's relationship with respondent.

### (6) Whether relocation will enhance the children's and the relocating parent's quality of life.

The district court acknowledged appellant's claim that she will have a better chance of obtaining employment in California than in Minnesota. The district court, however, gave greater weight to respondent's offering of published statistics indicating that Minneapolis had a lower unemployment rate than San Diego in May 2012. From these factual findings, the district court determined that there is no reason, based on the evidence provided, that appellant's employment prospects and the children's educational opportunities would be greater in California than in Minnesota.

The court's finding that appellant failed to establish that she has greater employment prospects in California than in Minnesota was not clearly erroneous. Evidence exists in the record to support the district court resolving this factor in respondent's favor.

The parties agree that the children are currently doing well in school. While appellant argued that California has good educational opportunities for the children, the district court's finding that the children do not have more favorable educational opportunities in California than in Minnesota was not clearly erroneous.

Appellant urged the district court to consider the children's greater ability to be exposed to appellant's Vietnamese culture through her family connections and the Vietnamese community in San Diego. The district court order did not specifically address this proposed benefit. However, the record indicates that the appellant is currently able to take the children to visit her family in California. The district court's failure to address this issue in its order does not make its findings clearly erroneous.

### (7) Each parent's reason for opposing or supporting relocation.

The district court found that appellant's primary reason for seeking removal of the children to California was to be close to family members. The court determined that respondent opposes the motion because it will lessen his interaction with the children and take away the regular contact he has with the children. Although, as outlined above, appellant claimed additional reasons for supporting relocation, there is no evidence that the district court's finding that proximity to family is appellant's primary motive is clearly erroneous.

### (8) The safety and welfare of the children or relocating parent relating to domestic abuse.

Appellant does not dispute the district court's finding that no domestic abuse exists between the parties.

In sum, the record does not reflect evidence that the district court committed clear error in its factual findings or abused its discretion in holding that appellant failed to show that relocation is in the best interests of the children. The district court's factual findings are supported by evidence in the record, and the order demonstrates that the court considered all eight of the best-interests factors as directed by the removal statute.

### DECISION

Because a district court is not required to hold an evidentiary hearing before ruling on a removal motion in a dispute regarding whether to remove a child's residence from Minnesota, the district court

did not err by failing to hold an evidentiary hearing on the merits of appellant's removal motion. Additionally, the district court did not commit clear error in its factual findings or abuse its discretion by holding that the appellant failed to show that granting appellant's removal motion is in the best interests of the children.

**Affirmed.**