*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1738**

In re the Marriage of:
Holly Beth Ogilvie,
n/k/a Holly Beth Gislason, petitioner,
Appellant,

vs.

John Richard Ogilvie,
Respondent.

**Filed July 13, 2015
Affirmed
Cleary, Chief Judge**

Anoka County District Court
File No. 02-F6-02-008494

Christopher D. Johnson, Eric R. Parker, Johnson/Turner Legal, Forest Lake, Minnesota (for appellant)

Steven T. Hennek, Hennek Klaenhammer Law, PLLC, Roseville, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Cleary, Chief Judge; and Smith, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

Appellant-mother challenges the denial of her motion for approval to relocate her minor child out of state. Because we conclude that the district court did not abuse its discretion in its analysis of the child's best interests or by declining to grant an evidentiary hearing, we affirm.

## FACTS

Appellant and respondent married in 1997. Their child, H.J.O., was born December 5, 2000. Following the parties' divorce in 2002, the parties had joint legal custody of H.J.O., appellant had sole physical custody, and respondent had parenting time every other Monday, every other Thursday, and every other weekend.

Appellant remarried and has three children with her current husband. Appellant's husband's occupation requires him to live in North Dakota for much of the year. During the time that appellant's husband resides in North Dakota, the family meets on weekends at hotels. Because this arrangement is highly burdensome and expensive, appellant and her husband decided to move the whole family to North Dakota.

In June 2014, appellant filed a motion for approval to move H.J.O. to North Dakota with her or, in the alternative, for an evidentiary hearing on the modification in child custody that would result if her motion for relocation was denied and she nevertheless moved to North Dakota. The district court held that appellant had not met her burden to show that it was in H.J.O.'s best interests to move to North Dakota, and denied her motion for an evidentiary hearing. This appeal followed.

**D E C I S I O N**

A parent with whom a child resides may not move the child out of state except with consent of the other parent, if that other parent has court-awarded parenting time, or upon order of the court. Minn. Stat. § 518.175, subd. 3(a) (2014). To determine whether to grant permission to move a child out of state, the district court must base its decision on the best interests of the child and must consider eight statutory factors: (1) the child's relationships with both parents and other significant persons; (2) the likely impact of the relocation on the child's development, in light of the child's age, developmental stage, and needs; (3) the feasibility of implementing parenting-time arrangements that will preserve the relationship between the child and the non-relocating parent; (4) the child's preference, considering the child's age and maturity; (5) whether the relocating parent has an established pattern of promoting or thwarting the child's relationship with the other parent; (6) whether the relocation will enhance the lives of both the relocating parent and the child; (7) the reasons of each person for seeking or opposing relocation; and (8) the effects of domestic abuse, if any, on the parties and the relocation. *Id.*, subd. 3(b) (2014). The district court may, at its discretion, consider additional factors. *Id.* The burden of proving that removal is in the child's best interests is on the parent seeking relocation. *Id.*, subd. 3(c) (2014).

This court reviews a district court's decision whether to grant a motion to relocate only to determine whether the district court misapplied the law or abused its discretion by making findings unsupported by the evidence. *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008). A district court's findings of fact are set aside only if they are clearly

3

erroneous. *Id.* "Findings of fact are clearly erroneous where an appellate court is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted). Interpretation of a statute is a question of law reviewed de novo. *Id.* at 282.

## I.

Appellant argues that Minn. Stat. § 518.175, subd. 3(b) requires district courts to first consider the extra-statutory factor of whether the moving party's relocation is inevitable and, if it is, to consider the best-interests standard in light of the family's changed circumstances after the move. Appellant argues that, in inevitable-move situations, the court must compare the two potential post-move scenarios: the child's post-move residence with custodian versus the child's post-move residence with the current non-custodian. Appellant further argues that the district court misapplied Minn. Stat. § 518.175, subd. 3(b) by comparing H.J.O.'s post-move residence with the custodian against H.J.O.'s pre-move residence with the custodian.

Minn. Stat. § 518.175, subd. 3(b) does not define which circumstances the court must compare when applying the best-interests factors. Before 2006 this issue was addressed in *Auge v. Auge*, 334 N.W.2d 393, 399 (Minn. 1983), *superseded by statute*, Minn. Stat § 518.175, subd. 3(b), (c), *as recognized in Goldman*, 748 N.W.2d at 283 n.5. In relevant part, *Auge* held that "[i]f denial of the motion [would] likely result in the modification of custody," the district court was required to consider the impact of "the negative effects of separating the child and the [primary caretaker]." *Id.* But following the amendment of Minn. Stat. § 518.175, subd. 3, the supreme court explicitly stated "[O]ur ruling in *Auge* . . . has no remaining vitality because it has been superseded in its

4

entirety" by the 2006 amendments to Minn. Stat. § 518.175, subd. 3(b) and (c). *Goldman*, 748 N.W.2d at 283 n.5. The facts in *Goldman* included the likely move out of state by a primary physical custodian. *Id.* at 281. The supreme court had the opportunity in *Goldman* to re-adopt the *Auge* requirement that the district court must make an initial determination of whether the denial of the motion will likely result in a modification of child custody, but the supreme court did not do so. In light of *Goldman*, we conclude that the district court did not misinterpret the law by declining to consider the likelihood of appellant's relocation and the potential effect that it would have on H.J.O.'s circumstances.

## II.

Alternatively, appellant argues that the district court abused its discretion by not considering the impact of the family's post-move circumstances on H.J.O.'s best interests. To consider whether the district court abused its discretion, this court must consider the findings that the court made under the best-interest factors enumerated in Minn. Stat. § 518.175, subd. 3(b). Because the district court has broad discretion in deciding what is in the best interests of a child (here, whether removal is in the child's best interests), there is "scant if any room for an appellate court to question the [district] court's balancing of best-interests considerations." *Vangsness v. Vangsness*, 607 N.W.2d 468, 477 (Minn. App. 2000).

The district court made findings as to each of the eight statutory factors, based upon the evidence in the parties' affidavits. The district court stated that (1) appellant's affidavit did not address the relationship between H.J.O. and respondent, or how the

5

move would affect the relationships between H.J.O. and his maternal or paternal extended family; (2) the only information appellant provided regarding the age, developmental stage, needs of the child, and likely impact of relocation on development was "based on [appellant's] beliefs and hopes that everything will be ok"; (3) appellant's affidavit did not address the feasibility of preserving the relationship between H.J.O. and respondent, did not offer any parenting-time schedule, and amounted only to "generalized platitudes" regarding schedule changes; (4) appellant admitted that H.J.O. preferred not to relocate but suggested that H.J.O.'s preference should not be considered because of his cognitive deficiencies and the fact that H.J.O. was improperly influenced by respondent; (5) although appellant did not have a pattern of attempting to thwart respondent's relationship with H.J.O., appellant "has been willing to interfere with the relationship in order to try to obtain a tactical advantage in this proceeding"; (6) there was no basis to find that the move would improve H.J.O.'s quality of life; (7) the primary motivation for the relocation was to benefit appellant, her new husband, and their children, yet the distances involved in the relocation would have a substantial adverse effect on respondent's relationship with H.J.O.; and (8) there was no evidence of domestic abuse. The court made these findings by comparing H.J.O.'s current in-state residence with appellant to H.J.O.'s potential out-of-state residence with appellant. The court concluded that appellant "failed to show that the proposed relocation to North Dakota will be in the best interests of [H.J.O.]."

Because the statute gives the district court discretion to consider factors beyond the eight statutory factors, the court could have considered the inevitability of appellant's

6

relocation, and how the relocation would affect H.J.O.'s best interests. Appellant asserts that the district court abused its discretion by failing to do so. To support this argument, appellant points to *Tompach v. Tompach*, No. A14-0060, 2014 WL 4056232 (Minn. App. Aug. 18, 2014).

In *Tompach*, the mother's motion for relocation suggested that the district court should consider that the detriment to the children from being separated from her would be worse than the detriment the children would suffer from being separated from the father. *Id.* at *4. *Tompach* held that the district court did not abuse its discretion "in not weighing mother's proposed additional factor as favoring relocation." *Id.* But in a footnote, *Tompach* stated:

> We do not hold, and our opinion should not be read as suggesting, that this proposed factor could never be considered by a district court . . . [I]t is easy to imagine another case, where a parent has no choice at all but to relocate, where the additional factor of the inevitability of the move might be weighed differently by a district court.

Id. at *4 n.2.

Appellant argues that her case is the type of inevitable-relocation case envisioned by the *Tompach* panel. Unpublished opinions, however, are not precedential. Minn. Stat. § 480A.08, subd. 3(c) (2014). Moreover, the similarity of the two cases' facts undermines appellant's argument. As in *Tompach*, the appellant wants to move in order to improve her family's financial stability and reunite the relocating parent with other family members. Because appellant's situation is fairly analogous to *Tompach*, this is not the type of inevitable-move scenario that the *Tompach* panel imagined, where a parent

has no *choice* but to relocate. We conclude that the district court did not abuse its discretion by declining to weigh the inevitability of the move as favoring relocation in the best-interests test. Because the record supports the best-interests findings made by the district court, the court did not abuse its discretion by denying appellant's motion to relocate.

**III.**

Appellant argues that, even if the court properly denied her motion for relocation, the district court should have granted an evidentiary hearing "because of the resulting change in custody upon . . . denial" of appellant's motion for relocation. As appellant points out, if a primary custodian's motion to relocate is denied and the party nevertheless relocates out of state, the court must grant an evidentiary hearing on a motion to modify child custody under Minn. Stat. § 518.18(d)(v) (2014). *See Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471, 471 (Minn. 1981) ("[T]he trial court shall review the documents and schedule an evidentiary hearing [on the motion to modify custody] if that review indicates a likelihood that the movant might establish the requisite change of circumstances upon which a modification may be based."). Appellant argues that, where the parent has shown that her relocation is inevitable, the procedure for granting an evidentiary hearing under Minn. Stat. § 518.175, subd. 3 should mirror the procedure under Minn. Stat. § 518.18(d)(v), requiring an evidentiary hearing. Appellant advocates a two-step consideration of a motion under Minn. Stat. § 518.175, subd. 3: the district court would first consider whether the moving party's relocation is inevitable and,

8

if the moving party made a prima facie case that relocation was inevitable, then the district court would grant an evidentiary hearing.

We decline to adopt appellant's interpretation of Minn. Stat. § 518.175, subd. 3. As written, Minn. Stat. § 518.175 does not require district courts to hold an evidentiary hearing to determine whether relocation is proper. *Anh Phuong Le v. Holter*, 838 N.W.2d 797, 802-03 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013). The rules governing family court procedure presume that non-contempt motions will be submitted on affidavits, exhibits, subpoenaed documents, memoranda, and arguments of counsel. Minn. R. Gen. Pract. 303.03(d)(1). Adopting appellant's interpretation of Minn. Stat. § 518.175, subd. 3 would greatly increase the number of cases in which the court would be required to grant a hearing on a motion to relocate. A moving party would simply need to assert that her move was inevitable to be entitled to an evidentiary hearing on the matter. Thus, for practical purposes, nearly every motion for relocation would require an evidentiary hearing. Such a sweeping change to Minn. Stat. § 518.175, subd. 3, is subject to legislative consideration, not judicial determination.

We generally review the decision of whether to hold an evidentiary hearing on a motion for an abuse of discretion. *Thompson v. Thompson*, 739 N.W.2d 424, 430 (Minn. App. 2007). Here, the district court found that the parties' affidavits adequately addressed the best-interests factors to enable it to make a decision on the motion for relocation. Based upon the parties' affidavits, the district court made findings as to each of the best-interests factors in Minn. Stat. § 518.175, subd. 3. Also, as discussed above, a district court is not required to consider whether the moving party's relocation is

9

inevitable.  Therefore, the district court did not abuse its discretion by declining to grant appellant an evidentiary hearing on her motion to relocate.

We recognize that the current structure of Minn. Stat. § 518.175, subd. 3 places a heavy burden of proof on a parent with physical custody who would like to relocate out of state.  We are sympathetic to the difficult position in which the district court's decision places appellant.  But the legislature has weighed the interests at stake and has concluded that it is in the child's best interests to impose a high burden upon a parent seeking to relocate out of state.  Our review of the district court's decision leads us to conclude that the district court did not err in its application of Minn. Stat. § 518.175, subd. 3 to appellant's motion for relocation.

**Affirmed.**